# WHEELING.

## BRYAN v. PEABODY INSURANCE COMPANY.

### July 31, 1875.

1. The policy is the contract, and being of the Company's dictation, must be construed most strongly against the Company.

1875.
June Term.

2. The expression in a policy, viz: "a two story frame building standing on leased ground, 20x50 feet, also one story frame, 12x16 feet, occupied as a hardware store and dwelling, situated in the town of Antwerp, Clarion Co., Pa.," is merely a description of the subject insured, and not a designation of the uses it should be put to, and is no warranty, within itself, that it should be so occupied, during the risk.

3. The stipulation in policy, that, "if the above mentioned premises shall be occupied or used so as to increase the risk, or become vacant or unoccupied and so remain for more than thirty days without notice to, and consent of this Company in writing * * * * this policy shall be void," must, under the circumstances stated in point number seven, be construed to mean and apply to the whole or entire premises, as to its becoming vacant or unoccupied, and not merely a part thereof.

4. Under such a stipulation, the policy holder does not violate his contract in not giving notice of the vacating of a part of the premises.

5. The *onus probandi* rests upon the Company to show that the vacation of part of the premises increased the risk.

6. It was right to exclude the testimony of the witness in this case upon the question of increased risk, because it does not appear that he was an expert in the matter to which he was called to testify, even if the opinions of an expert, in such case, were proper.

7. The designation in the description of the building, viz: "occupied as a hardware store and dwelling," being no warranty, within itself, that it should continue to be so occupied; and the first floor of the building having been constantly used and occupied during

the time the policy ran, and there being no proof that the risk was, in fact, increased by vacating the dwelling part—HELD, under the circumstances,

I. That the Court will not infer the fact, against the demurree, upon the demurrer to evidence.

II. That the partial vacancy was not a change in the title or possession.

8. A reasonable and substantial compliance with the terms of the policy is all that is required.

*Supersedeas* to a judgment of the municipal court of the city of Wheeling, rendered on the 16th day of November, 1874, in a suit therein pending, wherein Robert Bryan was plaintiff, and the Peabody Insurance Company, defendant. The *supersedeas* was awarded on the petition of the defendant below. The case is stated in the opinion of the Court.

The Hon. Gibson L. Cranmer, judge of said municipal court, presided at the trial below.

*Robert G. Barr* for the appellant.

*Henry M. Russell* for the appellee.

MOORE, JUDGE:

In the petition for appeal the appellant, the Peabody Insurance Co., which was defendant below, assigned *seven* grounds of error, but in argument waived the first, second and third and relied upon the fourth, fifth sixth and the seventh, the latter being the usual precautionary general assignment of "other errors apparent on the face of the record."

The *fourth* assignment of error, being the first for consideration, raises the question : Did the court err in excluding the evidence offered by the defendant, set out in its *first* bill of exceptions?

It appears from said bill of exception, that defendant offered to prove by J. V. L. Rodgers, the assistant secretary of the defendant, "that, according to the custom

prevailing amongst fire insurance companies, and the basis on which fire insurance is carried on, the policy sued on in this cause, would not have been issued by the defendant at the rate of premium charged, if the second story of the insured building had been vacant at the date of the policy, and known to be so by the defendant." And further, "that it was regarded generally by insurance men as an increase of the risk to permit a portion of such a building as the one described in the policy sued on, to become vacant and unoccupied; and that, in the opinion of the witness, the facts proven in relation to the second story of said building becoming vacant, and so remaining, did increase the risk assured by said defendant, by its said policy."

1875.<br>June Term.<br><br>Bryan<br>v.<br>Peabody<br>Insurance Co.

The subjects insured, as described in the policy, were, "a two story frame building standing on leased ground, 20x50 feet; also one story frame 12x16 feet, occupied as a hardware store and dwelling, situated in the town of Antwerp, Clarion Co., Pa., and, stock of merchandise, consisting principally of hardware, oil well supplies, and pipe coupling machines, all contained on first floor of the above building."

The policy stipulates that "if the above mentioned premiums shall be occupied or used so as to increase the risk, or become vacant or unoccupied, and so remain for more than thirty days without notice to, and consent of, this Company in writing, * * * * * this policy shall be void."

The policy is the contract, and, being of the Company's dictation, must be construed most strongly against it. It is obvious that, in the stipulations, the Company would select language that would plainly express its intention; and it seems to me it has clearly done so in this case.

The expression, " a two-story frame building, standing on leased ground, 20x50 feet; also one-story frame, 12x16 feet, occupied as a hardware store and dwelling, situated in the town of Antwerp, Clarion Co., Pa., is

merely a description of the subject insured, and not a designation of the uses it should be put to, and is no warranty within itself that it should be so occupied during the risk. *Cumberland Valley Mut. Pro. Co. v. Douglas*, 58 Pa. St., 419.

The stipulation that, "if the above mentioned premises shall be occupied or used so as to increase the risk, or become vacant or unoccupied, and so remain for more than thirty days without notice to, and consent of, this Company in writing, * * * * * this policy shall be void," must be construed to mean and apply to the whole or entire premises, as to its becoming vacant or unoccupied, and not merely to a part thereof. Had the Company intended otherwise, it is reasonable to suppose it would have so declared. It would not have contented itself with the general and comprehensive expression, " *above mentioned premises*," but would have manifested its meaning and intention, in common and plain language, such as " *above mentioned premises, or any part thereof.*"

Thus impressed, I hold that Bryan did not violate his contract in not giving notice of the vacating of a part of the premises.

It may be true that the vacation of a part of the premises increased the risk. If so, the *onus probandi* rests upon the Company.

To meet this phase of the case, I apprehend the witness Rodgers was introduced. It does not appear that the witness had any personal knowledge of the premises, or had ever seen the premises. He was called, as the bill of exceptions indicates, to show, *first*, that the policy would not have issued at the rate of premium charged, " if the second story of the insured building had been vacant at the date of the policy."

It may be true, the Company would not have issued the policy, as intimated by the attempted proof; but it did issue the policy, and without restriction, as to partial vacancy, and must take the consequence of its omission

in contract in that respect. It was right to exclude the witness's testimony upon the question of increased risk, because it does not sufficiently appear that he was an expert in the matter as to which he was called to testify, even if the opinions of an expert in such cases were proper.

As to the *second* branch of his testimony, "that it was regarded, generally, by insurance men, as an increase of the risk to permit a portion of such a building as the one described in the policy," "to become vacant and unoccupied, and that, in the opinion of the witness, the facts proven in relation to the second story of said building becoming vacant, and so remaining, did increase the risk assured," appears to me, from the view I take of the case, to be improper for the reason just stated. Although a partial vacancy may, in some cases, increase the risk, unless the evidence satisfactorily proves that the risk was increased in the particular case, I apprehend the Company is not released from its contract. I cannot discover error in the court below in excluding the evidence.

The foregoing views apply also to the *fifth* assignment of error, being the second under the waiver.

It appears from the *second* bill of exceptions, that the court instructed the jury to disregard the evidence given by the same witness, viz: "That if the defendant had known that the second story of the building insured was left vacant for more than thirty days prior to the fire, it would have cancelled the policy, because the risk was increased." That whenever such a state of facts, as proven in this case, with regard to the second story becoming vacant, and so remaining vacant for more than thirty days, prior to the fire, without notice to and consent of the defendant, that the defendant would cancel the policy as soon as the facts came to its knowledge, because the change in occupancy increased the risk." And, also, "that

77

whenever such a state of facts, as proven by the plaintiff, with regard to the change in occupancy of the class of buildings to which the one insured by the policy sued on herein, belongs, that it is customary with insurance companies to cancel the policy unless additional premium be paid."

The court did not err in instructing the jury to disregard the evidence, for the reasons above stated.

The *sixth* assignment of error, being under the waiver the third for our consideration, is, "that the court erred in rendering judgment in favor of the plaintiff upon the demurrer to evidence." 1st. Because the contract of insurance was rendered void by the plaintiff permitting a part of the building so insured to become vacant and so remain for more than thirty days, without notice to and consent of the company in writing." 2d. "Because there was a change in the possession of said building so insured, without knowledge or consent of the defendant."

From the view we have advanced, that the designation in the description of the building, viz: "Occupied as a hardware store and dwelling," was no warranty within itself, that it should continue such, and as the evidence shows that the first floor of the building was in constant use and occupancy during the whole time which the policy ran, and there being no proof that the risk was in fact increased by the vacating the dwelling part, the court will not infer the fact against the demurree upon the demurrer to evidence; and it cannot be maintained that the partial vacancy was a change in the title or possession.

As held in the *Home Ins. Co. v. Cohen*, 20 Gratt. 312, a reasonable and substantial compliance with the terms of the policy is all that is required, and, as argued by the appellee in this case, the evidence discloses such compliance on the part of the assured, the plaintiff, in this in-

stance, and the court did not err in giving judgment for him upon the demurrer to evidence.

The judgment should be affirmed with costs and damages.

Haymond, President, and Hoffman, Judge, concurred.

JUDGMENT AFFIRMED.