# CHARLESTON.

## DAVIS v. LIVING, et al.

Submitted June 17, 1901. · Decided December 7, 1901.

| | |
|---|---|
| 50 | 431 |
| 56 | 477 |
| 50 | 431 |
| 158 | 665 |
| 50 | 431 |
| 61 | 250 |
| 50 | 431 |
| 65 | 50 |
| 65 | 400 |

1. EJECTMENT—*Defense*—*Forfeiture.*
    If the defendant in an ejectment suit shows that the land in controversy has been omitted from the land books of the proper county for five successive years before the trial, he makes a *prima facie* case of forfeiture and defeats the plaintiff's right to recover, unless plaintiff can show that the land was assessed improperly in another county and the illegal taxes thereon paid or that the land has been redeemed, regranted, or resold so as to reinvest the title in him. (p. 432).

2. HARMLESS ERROR—*Defendant's Case.*
    If on the undisputed facts the case is plainly for the defendants all errors committed by the court on the trial are harmless errors so far as the plaintiff is concerned. *Bank of Huntington v.Napier*, 41 W. Va. 481. (p. 437).

Error to Circuit Court, Ritchie County.

Action by Thomas E. Davis against Jacob Living and others. Judgement for defendants. Plaintiff brings error.

*Affirmed.*

MAYNARD F STILES and FLOURNOY, PRICE & SMITH, for plaintiff in error.

VAN WINKLE & AMBLER, CAMDEN & PETERKIN, B. F. AYERS, P. W. MORRIS, HOMER ADAMS, C. HALL, and C. T. HARRISON, for defendants in error.

DENT, JUDGE:

Thomas E. Davis complains of a judgment of the circuit court of Ritchie County rendered against him on the 4th day of July, 1899, in a certain action of ejectment therein pending wherein he was plaintiff and Jacob Living and others were defendants.

The action was for possession of two tracts of land situated in Ritchie County, containing respectively three thousand and five hundred and twenty-two acres. As shown by the instruc-

tions given by the court to the jury the case was determined solely on the question of forfeiture.

The instructions which were given are as follows:

"Defendants' Instructions No. 6.   The jury are instructed that in an action of ejectment the general rule is that a plaintiff must recover upon the strength of his own title and not upon the weakness of the defendants' title; for the reason that the defendant is not required to give up possession until the true owner demands it and the right to show in defense a substituting outstanding title rests upon the same principle.   So if the title of the plaintiff Thomas E. Davis, to the three thousand acres of land claimed by him in this suit or the five hundred and twenty-two acres claimed by him, became forfeited to the State of West Virginia for any five consecutive years before bringing this suit for the non-payment of taxes thereon, or for the failure of the said Thomas E. Davis or any one under whom he claims to have said lands entered on the land books of any county in which part thereof is situated where they are located for the purpose of taxation, then the said plaintiff cannot recover in this action and the jury must find for the defendant.

"Defendants' Instruction No. 7.   The jury are instructed that the defendants Frederick Lemon, A. W. Lemon, John B. Lemon, C. N. Lemon and F. P. Pribble, having been made parties to this suit to February rules, 1896, in the office of the clerk of the circuit court of Ritchie County, and not before, as shown by the plaintiff's declaration at that time filed against them, if the jury believe from the evidence that the title of the plaintiff, Thomas E. Davis, to the three thousand acres of land in his declaration mentioned, or the tract of five hundred and twenty-two acres claimed by him became forfeited to the State of West Virginia for the five years next preceding the institution of the suit against them, the said defendants, for the non-payment of taxes thereon or for the failure of the plaintiff or any one under whom he claims to have said lands entered on the land books of Ritchie County for said five years, in succession for the purpose of taxation, or that the said lands became forfeited to the State of West Virginia for the non-payment of the taxes on them for all the years from 1875 to 1896, inclusive, and for the failure of said plaintiff, Thomas E. Davis, or any one under whom he claims to have said lands entered on the assessor's land books of Ritchie County for any given successive years from

1875 to 1896, inclusive, for the purpose of taxation, then the said plaintiff cannot recover in this action against said defendants above and the jury must find for the defendants.

"Defendants' Instruction No. 8. It shall be the duty of every owner of land to have it entered on the land books of the county in which it or a part of it is situated, and to cause himself to be charged with the taxes thereon and pay the same. When for any five consecutive years after the year of 1869 the owner of any tract of land shall not have been charged on such books with state tax on said land, then the land shall be forfeited and the title thereto vest in the state. If the evidence shows that the land claimed by the plaintiff, Thomas E. Davis, was not for any five successive years after the year of 1869 charged on the land books of the county in which it was situated and the plaintiff or those under whom he claims did not cause themselves to be charged with taxes thereon and pay the same, then the said land or lands were forfeited and the title thereto vested in the state and the plaintiff cannot recover in this suit and the jury must find for the defendants.

"Defendants' Instruction No. 10. The jury is instructed by the court that it is the duty of every land owner in this State to have his lands or land entered on the land books of the county in which said land or lands or a part thereof is situated and to cause himself to be charged with the taxes thereon and to pay the same. And the jury is further instructed, when for any five successive years after the year 1869 the owner of any tract of land containing one thousand acres or more, shall not have been charged on the said land books of any county, wherein such tract or any part thereof is situated with state taxes thereon, then by operation of law the lands shall be forfeited and title thereto vested in the State. And if the jury further believe from the evidence in this case that the land in controversy in this suit was vested in the State of West Virginia at the time of the commencement of this suit the plaintiff cannot recover in this action.

"Defendants' Instruction No. 11. The court instructs the jury that a defendant claiming title to land vested in the State under the second class specified in section 3rd, article XIII of the Constitution of the State of West Virginia, need not have had possession of the lands in order to defeat the recovery of the plaintiff.

"Defendants' Instruction No. 12. The jury is instructed that if they believe from the evidence that if the plaintiff or some one of the persons under whom he claims title, did not have the land in controversy entered on the land books of the county of Ritchie in which said land is situated, at some time since the year 1869, and before the institution of this suit, and did not cause himself to be charged with the taxes thereon for any five consecutive years prior to the institution of this suit, and did not pay the said taxes thereon for said period of five years, then by operation of law, so much of said land as the defendants respectively, have had claim to and actual continuous possession of under color of title for any five years since the year 1869 and prior to the institution of this suit, and have paid all state taxes charged or chargeable thereon for said period of five years, then the jury should find for the defendants.

"Defendants' Instruction No. 13. The jury is instructed that if they believe from the evidence that the plaintiff or some one of those persons under whom he claims title to the land in controversy, did not at any time within five years since the year 1869 have the said land entered on the land books of the county of Ritchie in which said land is situated, and did not cause himself to be charged with the taxes thereon and did not pay the said taxes for said period of five years, then, by operation of law, the land in controversy became forfeited and the title thereto became vested in the State, and under the 3rd section of Article XIII of the Constitution of the State of West Virginia, became transferred to and vested in such of the defendants as the jury shall believe, from the evidence, to have actual continuous possession of, under color or claim of title for ten years next before the institution of this suit, and who, or those under whom he claims, shall have paid the state taxes thereon for any five years during such possession; then the jury should find for the defendants."

The main ground of objection to instructions 6, 7, 8, 10, 12 and 13 is that they confine the assessment to Ritchie County whereas there are numerous expressions in the plaintiff's title papers which indicate that they partly lie in the county of Wirt. The declaration and proof shows that the lands claimed by the plaintiff are wholly in the county of Ritchie, and there is some evidence which tends to show that a portion of a larger

survey to which the lands originally belonged was in Wirt and was prior to the year 1883, on the land books of such county. This evidence deserves but little weight for if such was the fact, it could have no bearing on this case, as there is no such presumption of law that if land is improperly assessed on the land books of the wrong county for any year that it continues to be assessed there for many succeeding years. Presumptions are always in favor of legality and not illegality. On the person claiming an illegal assessment and payment of taxes the proof devolves.

Section 39, chapter 31, Code, provides (last re-enacted in 1882): "It shall be the duty of every owner of land to have it entered on the land books of the county in which it or a part of it is situated and to cause himself to be charged with the taxes thereon and pay the same. When for any five successive years after the year one thousand eight hundred and sixty-nine the owner of any tract of land containing one thousand acres or more, shall not have been charged on such books with a state tax on said land then by operation of law and without any proceedings therefor the land shall be forfeited and the title thereto vest in the state. The same provision except that it dates from 1873, is made in the same section as to tracts or lots of land containing less than one thousand acres."

Section 32, chapter 29, Code, provides that "Every tract of land of one thousand acres or less lying partly in one county or assessment district and partly in another, shall be entered for taxation on the land books of the county or assessment district where the greater part thereof in value lies, but the entry thereof and payment of taxes thereon in any county or assessment district where any part thereof is situated shall for the time during which the same is so entered and paid, be a discharge for the whole of the state, state school, county and district taxes, and levies charged and chargeable thereon. * * * * And every tract of land of more than one thousand acres lying in two or more counties shall for the purposes of taxation be entered and charged with state, state school, county and district taxes in each magisterial district of the several counties in which any part of it is to the extent as near as may be that the same lies in such district."

This section has been in force since 1881, and under it tracts of less than one thousand acres are required to be assessed in

the county wherein the whole or a greater part thereof lies, and tracts of more than one thousand acres are to be divided up as near as may be and assessed in the various magisterial districts in which each portion thereof lies and it is made the duty of the clerk of the county court to correct the land books in accordance with these provisions. It is plain from this law that to make a legal assessment of the lands in controversy it must be assessed in the county of Ritchie. Hence when the defendants proved that the lands claimed had not been on the land books of Ritchie County for five successive years since the year 1869, or 1873, they established the fact that no legal assessment thereof had been made by placing them on the land books of the proper county and thereby they established a *prima facie* case of forfeiture. To rebut this it devolved upon the plaintiff to show that they were entered on the land books of Wirt County improperly for the years they were omitted from the land books of Ritchie County, and that the taxes had been paid for such years of improper assessment. Nothing of this kind was attempted. The plaintiff's proof, so far as it goes, tends to the contrary. The witness Zinn testifies that while examining the land book of Wirt County he noticed that a tract of three thousand five hundred acres was assessed for the year 1883 to Runion & Letson, persons through whom plaintiff derived title. This evidence was improper, for if it were true much better evidence thereof could have been easily produced, and was not. This shows that plaintiff had no better evidence of assessment in Wirt County, or he would have produced it. Hence the presumption is that if he had produced the true evidence of such assessment it would have been against him. Not only this, but Zinn testifies further that he went to Amos, clerk of the county court of Ritchie in 1889 or 1890, and the clerk told him that the land was forfeited for the reason that it had not been on the land books for upwards of five years, and Zinn said he replied that the five years was not yet up and directed him to put it on the land book. But he declined to do so because the title was recorded in the plaintiff's name, and that he did not believe they could ever hold it, and he did not want to run the cost on them. "I insisted that he should put it on and he agreed to call Tom's attention to it before the time run out." Here is a witness acting for the plaintiff. He knew the land was not on the land books and that the clerk con-

sidered the land forfeited and would not put it on for that reason. It was the clerk's legal duty not to put it on if it was forfeited. Yet he refused to do so out of kindness to plaintiff. Plaintiff aoes not testify with regard to this matter, and Amos is dead. This shows that plaintiff had full knowledge that the land was not on the land books of the proper county.

The defendants' proof shows that from the year 1878 to 1898 inclusive, the three thousand acre tract was not on the land books of Ritchie County, and that the five hundred and twenty-two acre tract was not on such land books from the year 1875 to the year 1897. These lands were therefore forfeited at the time Zinn requested the clerk to put them on the land books, and it was his duty to refuse to do so for he was not furnished with any evidence that within five years prior thereto they had been improperly assessed in Wirt County. The defendants having shown that the lands were not legally assessed on the land books of Ritchie County and the plaintiff having failed to show that they were improperly assessed on the land books of Wirt County and that the taxes were paid in accordance with such assessment, the court committed no error in instructing the jury that if they believed from the evidence that the lands had been off the land books of Ritchie County for five successive years prior to the commencement of the suit, they were forfeited to the State, and they should find for the defendants. This instruction was not so strong as the defendants were entitled to have given. While forfeiture before the suit commences defeats the plaintiff's suit, forfeiture before the trial does so likewise. A suit instituted does not prevent the forfeiture of the land for non-entry during the pendency, and if the land is forfeited at the time of the trial the defendants have the right to take advantage thereof. The evidence shows that the land was not on the land books of the proper county for the years 1890 to 1897, inclusive. Hence the court could have instructed the jury in this case as was done in the case of *King* v. *Mullins,* 171 U. S. 404, to find a verdict for the defendants, and the jury without such instruction could have found that the forfeiture occurred as well after as before the commencement of the suit.

It is a useless waste of time to consider the various other objections and errors presented by the plaintiff, for on the question of forfeiture the case is so plainly in favor of the defendants

that no errors, however gross, could possibly prejudice the plaintiff or justify the reversal of the judgment. *Bank* v. *Napier,* 41 W. Va. 481. Having reached this conclusion it is unnecessary to consider defendants' title or the instructions relating thereto. The plaintiff must recover on the strength of his own title solely, and he having failed to discharge the plain duty required of him by the land laws of the state of which he is presumed to have complete knowledge, and having allowed his title to the land to become forfeited, he cannot enquire into the defendants' title, as that is a matter between them and the State. Every man who purchases land in this State does so with full knowledge of the land laws thereof, and he has full and complete notice in advance that if for five successive years he fails to discharge his personal duty and have his land placed on the proper land books in the proper county for the purpose of taxation that his title will return to its original source. The law is plain. It is easily understood. And it is high time that the foolishness of tax dodging and evasion should be ended by a firm enforcement and strict adherence to the law. A man who will not pay his taxes ought to lose his land. If he can show any reasonable excuse for not putting his lands on the land books the courts are open for his relief, and if he can show none except his own negligence, neither the constitutions nor courts should afford him any protection. *King* v. *Mullins,* 171 U. S. 404; *State* v. *Sponagle,* 45 W. Va. 415; *State* v. *Swann,* 46 W. Va. 128. The claim that the State is estopped by a tax deed made in the 70's for the same land as being in the county of Wirt from now forfeiting it because not properly assessed in the county of Ritchie in the '80's and '90': is certainly untenable. The law requires the annual correction of the land books. And the fact that a tract of land is improperly assessed in the wrong county one year raises no presumption that it will continue to be so erroneously assessed from year to year for a period of twenty years and upwards, nor does such improper assessment for one year prevent the proper officer from correcting it the following year. The presumption is that he does his duty. As said before all that the defendant has to do to raise a *prima facie* case of forfeiture is to show that the land has been omitted from the proper land books for five successive years. This then casts on the plaintiff the burden of showing that the land has been improperly assessed and the

taxes have been paid. Why the taxes paid? For the reason that plaintiff may have such taxes released because of the improper assessment and thus evade the law and escape paymen<sup>t</sup> of the taxes entirely.

The evidence establishing the forfeiture, the judgment is affirmed.

*Affirmed.*