# CHARLESTON

### JEFFREY *v.* LEMON.

Submitted June 9, 1905.    Decided January 30, 1906.

1.  EJECTMENT—*Defenses—Harmless Error*.
     Syllabus in *Davis* v. *Living*, 50 W. Va. 431, approved and applied. (p. 665.)

Error to Circuit Court, Ritchie County.

Action by T. P. Jeffrey and others against Frederick Lemon and others.    Judgment for defendants, and plaintiffs bring error.

*Affirmed.*

DAVIS & SON, for plaintiffs in error.

F. H. McGREGOR and VAN WINKLE & AMBLER, for defendants in error.

McWHORTER, PRESIDENT :

This is an action of ejectment brought by T. P. Jeffrey,

Thomas E. Davis and others against Frederick Lemon and others in the circuit court of Ritchie county for two tracts of land, 900 acres and 439 acres respectively.    The immediate title claimed by plaintiffs to the 900 acres is a tax deed dated May 26, 1879, executed by G. W. Amos, clerk of the county court of Ritchie county, to W. L. Hitchcox, E. J. Knight and J. P. Strickler, the said 900 acres being a part of a tract of 1,430 acres sold by the sheriff of Ritchie county on the 8th day of June, 1874, for the taxes of 1871, charged to and returned delinquent for said taxes in the name of David Kerr and others; and to the 439 acres is a tax deed dated the 6th day of May, 1879, executed by the same clerk to the same parties, purchased by the vendees at a tax sale thereof on the 9th day of June, 1874, the said 439 acres being a part of a tract of 500 acres charged to and returned delinquent in the name of David Kerr and others, and was sold for such delinquent taxes for the years 1871 and 1872.

On the 30th day of December, 1786, there was granted by the Commonwealth of Virginia a tract of 2,000 acres of land to James Henry, assignee &c., said tract being known as Robert Lilburn No. 15, that the same became delinquent and forfeited to the Commonwealth; that in 1845 Peter G. Van Winkle, commissioner of delinquent and forfeited lands of Ritchie county, reported the same as delinquent and forfeited and caused the same to be surveyed, and under decree of the circuit superior court of law and chancery of said county sold 1430 acres, so much of said tract of 2,000 acres as he found not covered by other titles on which the taxes had been paid, at which sale William Campbell became the purchaser and received a deed from the said Van Winkle, commissioner, therefor, dated the 9th of September, 1846.    Campbell conveyed the same afterwards to David Kerr and others on the 10th day of October, 1864.    The same commissioner, Van Winkle, in another proceeding against 2,000 acres granted by the Commonwealth of Virginia by patent 18th of April, 1786, to James Newport and others, attorneys in fact and trustees of Isaac Sidman, under like decrees of said court sold and conveyed 500 acres of said 2,000 acres to William Campbell who also afterwards, on the 10th day of October, 1864, conveyed the same to David Kerr and others.    On the 2nd day of December, 1871, the said 1,430 acres was sold in the

name of David Kerr and others for the non-payment of the taxes of 1870, A. I. Rogers being the purchaser. On the 20th day of November, 1873, G. W. Amos, clerk of the county court of said county, conveyed the 1,430 acres to said A. I. Rogers under the said purchase.

The defendants claim under a grant from the Commonwealth of Virginia dated the 2nd day of April, 1860, for 970 acres based upon a survey made on the 29th day of June, 1858, made by virtue of Land Office Treasury Warrant No. 24983.

A verdict was rendered for the defendants. The plaintiffs moved to set aside the verdict and grant them a new trial on various grounds mentioned, which motion being considered was overruled and judgment entered thereon for defendants, to which judgment plaintiffs obtained a writ of error and *supersedeas.* Some twenty assignments of error are set out in the petition, but it seems unnecessary to discuss them in this case.

Plaintiffs rely upon their tax deed of May 26, 1879, from Amos, clerk of county court of Ritchie county for their title to the 970 acres and on the deed of May 6, 1879, from the same clerk for the 439 acres, the former a part of the 1,430 acres sold for the taxes delinquent for the year 1871 sold June 8th, 1874. The evidence shows that the tract of 1,430 acres was not on the assessor's books for any of the years 1873 to 1880, both inclusive, in the name of David Kerr and his co-owners, or of any one or more of them, so that the same was forfeited to the State for non-entry on the land books, being omitted therefrom more than five years; besides this, the said 1,430 acres was sold by the sheriff of Ritchie county on the 2nd day of December, 1871, to A. I. Rogers for the delinquent taxes in the name of David Kerr and others for the year 1870, and conveyed to the purchaser by said clerk Amos by deed dated November 20, 1873. So we have as to the 1,430 acres two outstanding titles; first, the title of Rogers and second, the forfeiture to the State. As to the 500 acre tract out of which the plaintiffs claim the 439 acres under said tax deed of May 6th, 1879, the record shows that the same was omitted from the assessor's books for the years 1875 to 1880 both inclusive. Plaintiff's deeds for the 900 acres and the 500 acres dating in May, 1879, were after the

forfeiture of both of said tracts. *Davis* v. *Living*, 50 W. Va. 431, seems to be conclusive of this case. Syl., pt. 1, in said case holds that: "If the defendant in an ejectment suit shows that the land in controversy has been omitted from the land books of the proper county for five successive years before the trial, he makes a *prima facie* case of forfeiture and defeats the plaintiff's right to recover, unless plaintiff can show that the land was assessed improperly in another county, the illegal taxes thereon paid or that the land has been redeemed, regranted, or resold so as to reinvest the title in him." It is further held in said case, Syl. pt. 2: "If on the undisputed facts the case is plainly for the defendants all errors committed by the court on the trial are harmless errors so far as the plaintiff is concerned."

The forfeiture to the State of the title of the 1,430 acres and the 500 acres being complete before the plaintiffs took the deeds for the 900 acres and the 439 acres, they took no title.

There is no error in the judgment of the circuit court and it must be affirmed.

*Affirmed.*