# CHARLESTON.

SLATER v. WILLIAMSBURG CITY FIRE INS. CO.

Submitted September 8, 1909.    *Decided October 18, 1910.

1. INSURANCE POLICY—*Power of Adjuster—Waiver of Proof of Loss.*

    An adjuster of an insurance company has no authority or power, as such, to waive proof of loss, required by the policy, as a condition precedent to a right of action, by denying liability on the part of the insurer upon other grounds, when the policy contains the clause, limiting the authority of agents, found in the standard insurance policy.

Error to Circuit Court, Mingo County.

Action by D. F. Slater against Williamsburg City Fire Insurance Company. Judgment for plaintiff, and defendant brings error.

*Reversed and Judgment.*

*Holt & Duncan,* for plaintiff in error.

*Stokes & Bronson,* for defendant in error.

POFFENBARGER, JUDGE:

In an action, upon a fire insurance policy, against the Williamsburg City Fire Insurance Company, D. F. Slater recovered a judgment for $1,000.00, in the circuit court of Mingo county. The defendant relied chiefly upon failure of the plaintiff to furnish a proof of loss. None was furnished within the time specified in the policy, nor at any time before the action was commenced. Denial of liability, on other grounds, by an adjuster, is relied upon by the plaintiff as a waiver of fulfillment

---

* NOTE:—A rehearing asked for but refused, in this case, copy not delivered to the reporter until May 24, 1911.

REPORTER.

of this condition. There was a demurrer to the plaintiff's evidence and a conditional verdict, on which the court rendered judgment, after overruling the demurrer.

If the adjuster had no power or authority to waive this condition of the policy and it was not waived, no right of action had accrued, for performance thereof was made a condition precedent to a right of action, by the terms of the policy. There is no evidence or claim of waiver by any other representative of the company, nor by the company otherwise than by the acts and conduct of the adjuster. Under the policy sued on, no agent could waive any of its promissory warranties. It is a standard policy, containing a clause limiting the authority of the officers and agents of the company, such as that found in the policy sued on in *Morris* v. *Duchess Ins. Co.*, 68 S. E. 22, in which it was held that an adjuster, without special authority so to do, cannot waive performance of this condition of the policy by denial of the company's liability or otherwise. See also Cooley's Briefs L. Ins., Vol. 3, p. 2497. This conclusion renders it unnecessary to inquire whether the conduct of the adjuster would have constituted a waiver, if he had had authority to waive conditions.

As no right of action on the policy has accrued, there is no occasion to consider the other defenses and controversies, disclosed by the record.

It results from these conclusions, that the judgment must be reversed, the demurrer to the evidence sustained and judgment rendered for the defendant.

### ON PETITION TO RE-HEAR.

The argument accompanying the petition to re-hear discloses considerable authority against the conclusion here stated, based upon the theory of limitation of the non-waiver clause to the life of the policy antedating the loss. They say this clause is inapplicable after the loss occurs, since the policy has run its course and is no longer operative in the sense of protecting property, and it only remains to agree upon the amount of the loss and pay it. This is a plausible theory, but we find no warrant in the terms of the policy for its adoption. The non-waiver clause is broad, withholding from agents power to waive "any provisions or condition" of the policy otherwise than in a prescribed manner. We see no room in this clause for any exception.

We have re-examined the evidence as to the authority of the adjuster and find nothing to sustain the claim of general authority in him.   Though he says he was sent to the scene of the fire to adjust the loss and that no other person had had anything to do with the matter or authority to have anything to do with it, these facts do not make out a general agency in him.   The language means only that the adjustment had not been delegated to any other person.   Adjustment does not include liability and payment.   These questions need not be committed to agents in the field.   Authority in an adjuster to deal with them must rest upon more than mere surmise, suspicion or slight inference.

*Reversed and Rendered.*