Jess S. Maynard and Julia Maynard

*v.*

National Fire Insurance Company of Hartford

*a n d*

Jess S. Maynard and Julia Maynard

*v.*

Westchester Fire Insurance Company of New York

(No. 12168)

Submitted January 22, 1963.     Decided February 12, 1963.

*Jenkins & Jenkins, J. E. Jenkins, Jr.*, for appellants.

*Glyn Dial Ellis*, for appellees.

CALHOUN, JUDGE:

This case involves an appeal from a final order of the Circuit Court of Logan County entered on August 9, 1961, by which judgment was awarded in favor of Jess S. Maynard and Julia Maynard, husband and wife, against Westchester Fire Insurance Company of New York for the sum of $5,000, in an action on a fire insurance policy covering a dwelling owned jointly by the plaintiffs; and by which order another judgment was awarded in favor of the same plaintiffs for $4,000 against National Fire Insurance Company of Hartford, Connecticut, in an action on a fire insurance policy covering household property and other contents of the dwelling.

The proceeding, instituted prior to the effective date of the Rules of Civil Procedure, was by notice of motion for judgment. The two insurance companies were joined as defendants in the same proceeding pursuant to the provisions at that time of Rule XII of the Rules of Practice for Trial Courts. On their appeal to this Court the defendants assign several errors, but primary reliance is based on an

alleged failure of the plaintiffs to furnish to either defendant a proof of loss pursuant to the requirement in each of the insurance contracts.

Each of the two defendants filed in the trial court two special pleas by which reliance was placed upon certain identical provisions of the two insurance policies, such policies being standard fire insurance policies conforming to the provisions of Chapter 33, Article 17, Section 2, Code, 1931, as amended. In one plea reliance is placed on the following provision of the policies:

> "Within sixty days after the loss, unless such time is extended in writing by this Company, the insured shall render to this Company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following: the time and origin of the loss, the interest of the insured and of all others in the property, the actual cash value of each item thereof and the amount of loss thereto, all encumbrances thereon, all other contracts of insurance, whether valid or not, covering any of said property, any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy, by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of loss and whether or not it then stood on leased ground, and shall furnish a copy of all the descriptions and schedules in all policies and, if required, verified plans and specifications of any building, fixtures or machinery destroyed or damaged."

By another plea, each defendant places reliance upon the following language of the policies:

> "When loss payable. The amount of loss for which this Company may be liable shall be payable sixty days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this Company of an award as herein provided.
>
> "Suit. No suit or action on this policy for the recovery of any claim shall be sustainable in any

court of law or equity unless the requirements of this policy shall have been complied with, and, unless commenced within twelve months next after inception of the loss."

In response to the pleas filed by the defendants, respectively, the plaintiffs filed a plea of waiver and estoppel pursuant to Code, 1931, 56-4-22.

"Furnishing of the preliminary proofs of loss as required by the conditions of a policy of fire insurance is a condition precedent to any right of action thereon, and unless waived an action on the policy does not accrue to the insured until such proofs have been furnished." *Morris* v. *Dutchess Insurance Co.*, 67 W. Va. 368, pt. 3 syl., 68 S. E. 22; *Morgan* v. *Insurance Company of North America*, 146 W. Va. 868, pt. 1 syl., 122 S. E. 2d 838. "The burden of proving compliance with the necessary requirements of an insurance policy as to proofs of loss, or the waiver of such compliance on the part of the company, is on the insured; and, if he fails to establish the same by a preponderance of evidence, his action must fail." *Flanaghan* v. *Phenix Insurance Co.*, 42 W. Va. 426, syl., 26 S. E. 513; *Chambers* v. *Great State Council, etc.*, 76 W. Va. 614, pt. 8 syl., 86 S. E. 467; *Morgan* v. *Ins. Co. of N. Amer.*, 146 W. Va. 868, pt. 2 syl., 122 S. E. 2d 838. Failure "to furnish such proof of loss, * * * within the given time does not wholly destroy all right of recovery, but only delays right of action; but action upon it cannot be brought until such proof is furnished." *Munson* v. *German Ins. Co.*, 55 W. Va. 423, pt. 5 syl., 47 S. E. 160; *Morgan* v. *Ins. Co. of N. Amer.*, 146 W. Va. 868, 122 S. E. 2d 838, 840; 10 M. J., Insurance, Section 205, pages 544-45; 45 C.J.S., Insurance, Section 982 (4) d, page 1193. The effect of a failure to submit a timely proof of loss "is to postpone right of action until such proof be furnished, but not to wholly destroy all right of recovery thereon." *S. M. Smith Ins. Agency* v. *Hamilton Fire Ins. Co.*, 69 W. Va. 129, pt. 6 syl., 71 S. E. 194. In a case involving policy provisions such as those involved in this case, "a suit instituted within sixty days from the date of filing verified proof of loss should be dismissed as prematurely instituted." *Rucker* v. *Fire Assoc. of Phila.*, 120 W. Va. 63, pt. 1 syl., 196 S. E. 494. The testimony indicates

that the policies in this case were destroyed by fire, but such fact "will not excuse compliance with the imperative requirements of the policy as to notice and proof of loss." *Munson v. German Ins. Co.*, 55 W. Va. 423, pt. 6 syl., 47 S. E. 160.

The policy requirement of proof of loss may be waived by the insurance company; "and denial of all liability for a loss claimed under such policy operates as such waiver." *Rucker v. Fire Assoc. of Phila.*, 120 W. Va. 63, pt. 2 syl., 196 S. E. 494; *Wade v. Mutual Benefit Health & Accident Assn.*, 115 W. Va. 694, pt. 6 syl., 177 S. E. 611; *Hetzel v. The Pacific Mutual Life Ins. Co.*, 108 W. Va. 22, pt. 1 syl., 150 S. E. 385; *Houseman v. Home Ins. Co.*, 78 W. Va. 203, pt. 3 syl., 88 S. E. 1048; 29A Am. Jur., Insurance, Section 1431, page 542. In a similar way a recognition of liability by the insurance company or its duly authorized agent may operate as a waiver of the policy provisions relative to proof of loss. *Lusk v. American Central Ins. Co.*, 80 W. Va. 39, pt. 4 syl., 91 S. E. 1078; 29A Am. Jur., Insurance, Section 1430, page 539. "When a fire insurance company calls for and accepts from an insured, without objection, an unsworn statement of a loss, and so conducts itself with the insured when investigating the loss as to induce his reasonable belief that it is satisfied with the statement and does not desire formal proof of the loss, such formality will be treated as waived." *Fitzsimmons v. Alliance Fire Insurance Company of Philadelphia*, 115 W. Va. 303, syl., 175 S. E. 62. Negotiations with the insured by an authorized agent of the insurer for settlement of the loss may constitute a waiver of proof of loss. *Crouch v. Franklin National Ins. Co.*, 104 W. Va. 605, pt. 2 syl., 140 S. E. 681; *Niagara Fire Ins. Co. of N. Y. v. Raleigh Hdw. Co.*, (W. Va.) 62 F. 2d 705.

The policies in question provide that no waiver of any provision thereof shall be valid unless granted in the policy or expressed in a writing added thereto. Such restrictions in a policy of insurance "do not apply to those conditions which relate to the inception of the contract." *McKinney v. Providence Washington Insurance Co.*, 144 W. Va. 559, pt. 3 syl., 109 S. E. 2d 480; *Plumley v. Superior Fire Insurance*

*Co.*, 122 W. Va. 333, pt. 2 syl., 9 S. E. 2d 229; *Kimball Ice Co.* v. *Springfield Fire & Marine Ins. Co.*, 100 W. Va. 728, pt. 2 syl., 132 S. E. 714; *Medley* v. *German Alliance Ins. Co.*, 55 W. Va. 342, pt. 6 syl., 47 S. E. 101. A clause of such nature in a policy of insurance "relates to provisions and conditions the performance and fulfillment of which are essential to the validity of the contract and its continuance in force, and does not refer to stipulations to be performed after a loss has occurred." *Lusk* v. *American Central Ins. Co.*, 80 W. Va. 39, pt. 2 syl., 91 S. E. 1078; *Smith* v. *U. S. Fidelity and Guaranty Co.*, 109 W. Va. 280, 285, 153 S. E. 584, 586; 29A Am. Jur., Insurance, Section 1043, page 213.

The plaintiffs' plea of waiver and estoppel is based on certain conduct of and statements which are alleged to have been made by an insurance adjuster and the soliciting agent who sold the policies of insurance to the plaintiffs. This calls for a discussion of the law pertaining to the power or authority of an insurance adjuster or of a soliciting agent to bind the insurer by estoppel or waiver.

"Any person who shall solicit within this State an application for insurance shall, in any controversy between the insured or his beneficiary and the insurer issuing any policy upon such application, be regarded as the agent of such insurer and not the agent of the insured." Code, 1931, as amended, Chapter 33, Article 12, Section 23. "It is obvious from the clear and unambiguous language of the statute that the solicitor of the application for insurance should be regarded *for all purposes* as the agent of the insurer in any controversy between it and the insured or his beneficiary." (Italics supplied.) *Knapp* v. *Independence Life and Accident Ins. Co.*, 146 W. Va. 163, 118 S. E. 2d 631, 635. An agent, nevertheless, cannot by virtue of such statute bind the insurer by any waiver or estoppel except while acting within the scope of his actual or apparent authority. 29A Am. Jur., Insurance, Section 1047, page 217.

A distinction is made between the authority of a general agent of an insurer and a mere special or soliciting agent. 29 Am. Jur., Insurance, Sections 151 and 152, pages 550, 551; 29A Am. Jur., Insurance, Section 1425, pages 534-36;

44 C.J.S., Insurance, Section 275 (4), page 1096; 44 C.J.S., Insurance, Section 150, page 822, and Section 152, page 824. "An executive officer, a general agent, or an agent authorized to adjust losses is ordinarily empowered to waive notice and proofs of loss; but an agent of a limited authority, such as a mere soliciting agent, is usually held to lack power to waive such matters." 45 C.J.S., Insurance, Section 1034, page 1259. "Although there is some contrary authority, the rule generally followed is that a waiver of policy conditions after the issuance of the policy, by a soliciting agent who has no general powers, is not binding upon the insurer, unless the waiver is subsequently ratified by the insurer." 29A Am. Jur., Insurance, Section 1034, page 206. The policy requirement of proof of loss "may be waived by parol by a local agent empowered to issue policies, collect premiums, and make renewals and cancellations." *Lusk* v. *American Central Ins. Co.,* 80 W. Va. 39, pt. 3 syl., 91 S. E. 1078. After stating that denial of liability by an insurance company is in legal effect a waiver of the conditions of the policy requiring proof of loss, the Court, in the second point of the syllabus of *Morris* v. *Dutchess Ins. Co.,* 67 W. Va. 368, 68 S. E. 22, stated: "But such denial and notice thereof to the insured to bind the insurance company must be by some officer, or agent having authority, express or implied. Neither the declaration of a local soliciting agent nor of an adjuster not shown to have authority to make such denial will bind the insurance company, or excuse the insured from compliance with the conditions of the policy to furnish such preliminary proofs." "An adjuster of an insurance company has no authority or power, as such, to waive proof of loss, required by the policy, * * *." *Slater* v. *Williamsburg City Fire Ins. Co.,* 68 W. Va. 779, syl., 71 S. E. 197. "There is no implied authority on the part of a soliciting agent, or the broker who procures the insurance, to bind the insurer by accepting a surrender of the policy." *Huff* v. *Columbia Insurance Company,* 94 W. Va. 663, pt. 2 syl., 119 S. E. 854. "An insurance adjuster is ordinarily a special agent of limited authority to ascertain and adjust the loss, having no power merely as such in the absence of some evidence as to his authority to alter the contract, or waive any of its essential conditions."

*Bond* v. *National Fire Insurance Co.,* 77 W. Va. 736, pt. 5 syl., 88 S. E. 389. A general agent "may waive forfeitures and conditions in the policy, notwithstanding a provision therein that no agent has such power." *Coles* v. *Jefferson Ins. Co.,* 41 W. Va. 261, pt. 4 syl., 23 S. E. 732. "Power to waive orally a stipulation in an insurance policy by one officially designated 'special agent and adjuster' of the insurance company cannot be inferred from his title alone, where such power is expressly withheld from all agents and representatives by the terms of the policy." *Bailey* v. *Mutual Fire Insurance Co. of W. Va.,* 116 W. Va. 544, pt. 1 syl., 182 S. E. 288. As to authority of a general agent to waive policy provisions, reference is made to *Plumley* v. *Superior Fire Insurance Co.,* 122 W. Va. 333, pt. 3 syl., 9 S. E. 2d 229.

From the authorities referred to above, it is apparent that neither a mere soliciting agent nor an adjuster has any implied authority or authority merely by virtue of his position to waive the policy requirement of a proof of loss or to bind the insurer in relation thereto by waiver or estoppel; and, in a case such as this, if the insured claims that the soliciting agent or adjuster had express authority to waive such policy requirement, the burden is upon the insured to prove such express authority.

The plaintiffs procured the two fire insurance policies from Oakley Insurance Agency, a sales agent of Logan, West Virginia. Frank H. Oakley testified that Jess S. Maynard, one of the plaintiffs, came to his office within a few days after the fire occurred and reported the fact of the fire which occurred on October 11, 1955. As a matter of fact, Oakley testified that he knew of the fire within ten minutes after it started. Within a few days an adjuster appeared to make an investigation. The insurer, therefore, does not rely on any lack of actual notice of the occurrence of the fire.

Oakley testified that when Mr. Maynard came to report the fire, he gave to Maynard "a household inventory book so that he could list his personal property and it would help him." In conformity with a general practice, Oakley Insurance Agency placed the matter with the General Ad-

justment Bureau of Huntington, West Virginia, to investigate the loss. Oakley Insurance Agency delivered to the plaintiffs two memoranda, referred to as forms 501, showing the issuance of the two policies. These memoranda did not include the policy provisions pertaining to proof of loss. The testimony indicates that Oakley Insurance Agency was informed by the plaintiffs that the policies were destroyed in the fire, but there is nothing in the record to indicate that the insurance agency, the adjuster, or anybody else acting in behalf of the insurers, undertook to apprise the plaintiffs of the importance of proofs of loss, and this is true notwithstanding the fact that it appears from the plaintiffs' testimony that they are people of humble background and quite limited education. In an opinion filed by the distinguished trial judge and made a part of the record, the plaintiffs are referred to sympathetically and kindly as "ignorant and illiterate."

On the inventory form given to them by the Oakley Insurance Agency, the plaintiffs listed the several items of personal property which they claim were destroyed by the fire, with the initial cost price of each item. Jess S. Maynard testified that Oakley advised him that it would not be necessary for the plaintiffs to fill out and file any other papers. Maynard testified that Kenneth Lee Walker and a man named Mitton, who later investigated the fire, told him that the plaintiffs would not be required to prepare or file any other papers. Mr. Maynard testified: "The man, Mr. Walker, give me an envelope up there on the ground, he said, 'Just list the furniture and send it in to my office and that's all you have to do' * * * I sent it to the Adjuster's, just exactly where he told me to send it, in the same envelope he give me."

Mrs. Maynard, one of the plaintiffs, testified that Walker, the adjuster, came to the premises to investigate the fire within about eight days after the fire and that Mitton came shortly thereafter. She testified further that both Walker and Mitton stated that it would not be necessary for the plaintiffs to file any papers other than the list of personal property and the values of the several items thereof. She

testified that she and her husband collaborated in preparing the inventory on October 22, 1959. While Mitton was not called as a witness, Frank H. Oakley testified that Mitton "is from the State Fire Marshall's Office." Oakley denied that he told either plaintiff that he "had given them all the papers that would be required of them, in this case in order to make a claim or recover on these policies."

Kenneth Lee Walker, a representative of the General Adjustment Bureau, the only witness for the defendants, testified in relation to his duties and authority as follows: "Well, all we do is go out and get the facts and actually assist the insured in presenting his details or presenting the details for claim." He testified that he had no authority to accept or deny any liability on a fire loss. He stated that he talked to the plaintiffs only on the single occasion when he went to the premises to investigate the loss and he denies that he advised them in relation to what would be necessary for them to do in order to receive payment on the policies. He testified that he observed circumstances suggesting incendiarism and for this reason terminated his investigation. Thereafter, Mitton made his investigation on the premises and talked with the plaintiffs but he was not called as a witness. On February 11, 1960, Frank H. Oakley of Oakley Insurance Agency, wrote a letter to Jess S. Maynard, plaintiff, stating that the "loss has been turned over" to a designated firm of attorneys in Huntington and requesting that Maynard call the attorneys by telephone. On February 19, 1960, this law firm wrote a letter to the plaintiffs' attorney at Logan by which an arrangement was made to interrogate the plaintiffs under oath in circumstances which will be referred to in more detail subsequently herein.

This Court holds that in relation to the National Fire Insurance Company policy, covering personal property, there was no proof of loss, and that there was no waiver thereof or estoppel to assert the benefit of the policy provisions in relation thereto. On the basis of authorities cited earlier herein, the Court holds that none of the three persons who talked with the plaintiffs, Oakley, the soliciting agency, Walker, the adjuster, and Mitton of the State Fire Marshall's

office, had authority merely by reason of his position to bind either insurer by any agreement to waive proof of loss or by an estoppel to assert the policy requirements in relation thereto. The inventory of personal property did not reasonably conform to the requirements of a proof of loss. It was not made under oath. It listed the initial cost of the several items of personal property rather than the "actual cash value" of the property at the time of the loss, the basis upon which the policy provided for payment. It cannot be said that this inventory constituted a technically imperfect proof of loss which was received and retained by the insurer without objection to form or content, because the proof fails to disclose that it was ever actually sent to or received by the insurer. At the trial there was no proof whatsoever of the "actual cash value" of the property in accordance with the provisions of the policy. "The basis of recovery on a fire insurance policy on personal property is the actual loss sustained, not to exceed the amount of the policy." *Shinn* v. *West Virginia Insurance Co.*, 104 W. Va. 353, pt. 6 syl., 140 S. E. 61.

For reasons stated, the action of the trial court in entering judgment on the verdict against National Fire Insurance Company of Hartford for $4,000 is reversed. Nevertheless, we share the view of the distinguished trial judge that circumstances as they relate to the insurer hardly comport with normal conceptions of fair dealing. The result is that, through representatives, the insurer in such circumstances was able to procure from these unlettered, inexperienced plaintiffs all the information it might reasonably desire and substantially all the information which it could get from a full, complete and technical compliance with policy requirements relative to proof of loss. The agency relationship in this respect was adequate to the insurer's purposes and requirements. And still, in comfortable reliance on the policy provisions and an absence of proof of full agency relationship, the insurer is permitted an airtight defense based on an absence of compliance with contract provisions pertaining to formal proof of loss. The proof of loss is for the benefit of the insurer. At all times the insurer had the right to request formal proofs of loss. Through its soliciting agent

and the adjuster, it had adequate opportunity to request proof of loss, if it really desired such proof as a matter of genuine substance as distinguished from technical form.

We believe it was no abnormal or unusual thing if the plaintiffs relied on the agent who sold them their policies with full assurance in their minds that they could depend upon him to make certain they would not be denied recovery on the policies he sold them merely because of some failure of a formal or technical compliance with the terms of the policies that the plaintiffs lost in the fire which destroyed their home and substantially all of its contents. It may be that the defendants intended ultimately to deny liability because of that which Walker, the adjuster, believed to have been suspicious circumstances surrounding the origin of the fire. He was required on cross-examination to detail all such suspicious circumstances. They were wholly insufficient to prove incendiarism. Had they been reasonably sufficient in that respect, no doubt the defendants would have defended on that basis; or perhaps the State Fire Marshall's office would have initiated a criminal prosecution. In the absence of such suspicious circumstances, perhaps the defendants would have paid the plaintiffs, notwithstanding their failure to submit formal proofs of loss; but we do not perceive that it is the purpose of such policy provisions to place at the disposal of an insurer an option to pay or not to pay as it may suit its whims and purposes. In this day the whole aim of legal machinery is to render impossible a resort to "trial by ambush." "An insured is entitled to the protection which he buys and for which he pays." *Wade* v. *Mutual Benefit Health and Accident Assn.*, 115 W. Va. 694, pt. 3 syl., 177 S. E. 611, approved in *Rubenstein* v. *Metropolitan Life Ins. Co.*, 118 W. Va. 367, 375, 190 S. E. 531, 535.

Turning now to the policy covering the dwelling, we observe that, in the absence of bad faith, the law requires of the insured only a reasonable and substantial compliance with the clauses, conditions and warranties of a policy of fire insurance. *Tucker* v. *The Colonial Fire Ins. Co.*, 58 W. Va. 30, pt. 7 syl., 51 S. E. 86; *Bryan* v. *Peabody Ins. Co.*, 8 W. Va. 605, pt. 8 syl. "The object of the clause relating to proofs

of loss is to give the company proper information as to the facts rendering it liable. It is liberally construed in favor of the insured, and a substantial compliance therewith is all that is required." *Liverpool & London & Globe Ins. Co.* v. *Dillon,* (W. Va.) 16 F. 2d 774, 776. See also *National Union Fire Ins. Co.* v. *Burkholder,* 116 Va. 942, 83 S. E. 404; *Prudential Fire Ins. Co.* v. *Alley,* 104 Va. 356, 51 S. E. 812; Appleman, Insurance Law and Practice, Vol. 5, Section 3482, page 651; 45 C.J.S., Insurance, Section 1012, page 1239, and Section 982 (5) b, page 1195.

"Proofs of loss are no part of a contract of fire insurance, nor do they create the liability to pay a loss; they serve to fix the time when it becomes payable, and when an action may be commenced to enforce a liability." *Rheims* v. *Standard Fire Ins. Co.,* 39 W. Va. 672, pt. 3 syl., 20 S. E. 670; *Raleigh Hardware Co.* v. *Williams, et al.,* 106 W. Va. 85, 89, 144 S. E. 879, 880; 10 M. J., Insurance, Section 206, page 545. See also *Bentley* v. *Standard Fire Ins. Co.,* 40 W. Va. 729, 748, 23 S. E. 584, 590 (on rehearing). "The object of the clause relating to proofs of loss is to give the company proper information as to the facts rendering it liable. It is liberally construed in favor of the insured, and a substantial compliance therewith is all that is required." 10 M. J., Insurance, Section 56, page 355. "The purpose of a provision for notice and proofs of loss is to allow the insurer to form an intelligent estimate of its rights and liabilities, to afford it an opportunity for investigation, and to prevent fraud and imposition upon it." 29A Am. Jur., Insurance, Section 1374, page 490. "The object of notice is to acquaint insurer of the occurrence of the loss, so that it may make proper investigation and take such action as may be necessary to protect its interests. The object of the proofs is to furnish insurer with the particulars of the loss and all data necessary to determine its liability and the amount thereof." 45 C.J.S., Insurance, Section 1006, pages 1231-32.

The policy of the Westchester Fire Insurance Company provides: "The insured, as often as may be reasonably required, shall * * *, submit to examinations under oath by any person named by this Company, and subscribe the

same; * * *." Pursuant to that policy provision, Jess S. Maynard and Julia Maynard, plaintiffs, submitted to extensive examination under oath by counsel for the Westchester Fire Insurance Company at Logan, West Virginia, on March 8, 1960. The testimony thus elicited embraces about twenty-eight pages of the printed record. The information under oath thus obtained by the insurer from the plaintiffs is substantially the same information and substantially all the information which would have been furnished to the insurer had a formal proof of loss been furnished by the plaintiffs in conformity with the provisions of the policy. Action on the policies was commenced more than sixty days thereafter on May 18, 1960. An assertion that the insurer was not given information as required by the policy provisions relative to proof of loss represents, therefore, an abandonment of substance while in pursuit of technical form.

"Although a policy of insurance may effectively provide that the requiring of an examination under oath shall not operate as a waiver of proofs of loss, if the policy provides merely that the company may require the insured to submit to an examination under oath, the submission by the insured to such examination, in compliance with a request by the company that he will so submit, is a waiver of formal proofs of loss required by the policy. So, also, if after receipt of proofs of loss, the company requires the insured to submit to such an examination, this will operate as a waiver of any delay in furnishing such proofs." Couch, Cyclopedia of Insurance Law, Volume 7, Section 1574. See also 29A Am. Jur., Section 1426, page 536. "Although there is some authority to the contrary, the weight of authority is to the effect that insurer waives proofs of loss by requiring an examination of insured on oath, and likewise waives the requirement of immediate notice." 45 C.J.S., Insurance, Section 1043a, page 1267. See also 26 C. J., Fire Insurance, Section 517, pages 404-05.

There has been in effect in this state for many years a statute which is sometimes referred to as the "valued policy law." In its present form it is found in Section 9, Article

17, Chapter 33, Code, 1931, as amended. A portion thereof is as follows: "All insurers issuing policies providing fire insurance on real property situate in West Virginia, shall be liable, in case of total loss by fire or otherwise, as stated in the policy, for the whole amount of insurance stated in the policy, upon such real property; * * *." Such a statute has been held to result in "liquidated damages agreed upon by the parties." *Davis* v. *Safe Ins. Co.,* 120 W. Va. 505, 510, 199 S. E. 364, 367. See also Appleman, Insurance Law and Practice, Volume 5, Section 3482, pages 653-54; 29A Am. Jur., Insurance, Section 1549, page 651, and Section 1556, page 656. Where loss of a house by fire in such a case is total, the amount of the loss is fixed and the insurer "has no right to demand arbitration of the amount of the loss, though the policy provides for it." *Hinkle* v. *North River Ins. Co.,* 70 W. Va. 681, pt. 3 syl., 75 S. E. 54; *Nicholas* v. *Granite State Fire Ins. Co.,* 125 W. Va. 349, pt. 1 syl., 24 S. E. 2d 280.

"If the loss is total, and sufficient notice thereof is promptly given, and insurer inspects the premises, formal, technical, and detailed proofs of loss are unnecessary in the absence of a demand therefor, where the policy covers but one building or other distinct object or covers several distinct objects which are separately valued in the policy. Accordingly, in such case, a requirement of the policy that the proofs shall specify the value of the property, or that insured shall inventory the damaged and undamaged goods, or furnish plans and specifications of the insured building, together with a statement of the cost of replacing it, has no application." 45 C.J.S., Insurance, Section 1013, pages 1240-41. For other authorities supporting the proposition that no proof of loss is necessary in a case of total loss by fire, reference is made to the following cases: *Prudential Fire Ins. Co.* v. *Alley,* 104 Va. 356, 51 S. E. 812; *Westchester Fire Ins. Co.* v. *John Conlon Coal Co.,* (Pa.) 92 F. 2d 160; *Cara* v. *Newark Fire Ins. Co.,* 312 Pa. 489, 167 A. 356; *Oberst* v. *Farmers' Union Mutual Ins. Co.,* 138 Kan. 768, 28 P. 2d 779; *Minneapolis Fire & Marine Mutual Ins. Co.* v. *Fultz,* 72 Ark. 365, 80 S. W. 576; *First National Bank* v. *Boston Ins. Co.,* 17 Ill. App. 2d 159, 149 N. E. 2d 420.

In view of the fact that loss of the dwelling was total; the fact that the insurer received prompt actual notice of the fire; the fact that an adjuster, pursuant to such notice, went upon the scene where he investigated the existing situation and conversed with the plaintiffs; the fact that, by an examination of the plaintiffs under oath, the insurer obtained their written testimony embodying substantially the same information which it would have received by a formal proof of loss made pursuant to the provisions of the policy; and considering the fact that no proof of loss of any other nature or form was ever requested or required of the plaintiffs by the insurer, the Court holds that Westchester Fire Insurance Company waived formal proof of loss and is estopped to rely upon a failure to furnish such formal proof of loss in the action to recover on such policy for the loss sustained.

The trial court, over objection, gave the following instruction in behalf of the plaintiffs:

> "The Court instructs the jury that a substantial compliance with the requirements of the policies issued by National Fire Insurance Company and Westchester Fire Insurance Company is all that is required in a Proof of Loss, and if the jury believes that the Plaintiffs Jess S. and Julia Maynard in a reasonable time and not more than sixty (60) days after the fire involved and prior to the end of twelve (12) months after the fire, offered to the Defendant companies a Proof of Loss though it was an imperfect or incomplete proof of loss, and that the said Defendants accepted the same and failed to point out any alleged defects in the said Proof of Loss within a reasonable time, then the said Defendants are to be taken to have waived the defects not so pointed out, and the right to request any further Proof of Loss."

While the plaintiffs insist that the inventory of personal property furnished by the plaintiffs to the adjuster was a proof of loss, though imperfect in form, there was nothing furnished by the plaintiffs to anybody which could reasonably be considered a proof of loss. The Court holds that proof of loss as to the real estate was waived and that the insurer of the real estate is estopped to assert as a defense

the failure of the plaintiffs to comply with the pertinent policy provisions. We do not hold that plaintiffs actually submitted any such proof of loss. On the contrary, the record fails to disclose anything which reasonably and properly could be considered a proof of loss in relation to the real estate. There was no evidence to support the instruction in that respect and, therefore, the giving thereof was error.

We believe also that the language, "in a reasonable time and not more than sixty (60) days after the fire involved and prior to the end of twelve (12) months after the fire," is unintelligible and confusing. "Instructions must be based upon the evidence and an instruction which is not sustained by evidence should not be given. An instruction which tends to mislead the jury is erroneous and should be refused." *Payne* v. *Kinder*, 147 W. Va. 352, pts. 18 and 19, syl., 127 S. E. 2d 726. The judgment of the trial court for $5,000 against Westchester Fire Insurance Company will not be reversed because of error in giving the instruction for the reason that, on the whole record, no other judgment would have been warranted. "When the court, on a thorough examination of the whole case, finds that substantial justice has been done, the judgment will not be reversed for any error committed by the circuit court, unless such error, if it had not been committed, would have tended in some measure to produce a different result." *Barnes* v. *City of Grafton*, 61 W. Va. 408, pt. 4 syl., 56 S. E. 608. See also *Starcher* v. *South Penn Oil Co.*, 81 W. Va. 587, pt. 7 syl., 95 S. E. 28; *State* v. *Davis*, 68 W. Va. 142, pt. 7 syl., 69 S. E. 639; *Jeffrey* v. *Lemon*, 58 W. Va. 662, syl., 52 S. E. 769; *Davis* v. *Living*, 50 W. Va. 431, pt. 2 syl., 40 S. E. 365; *Bank of Huntington* v. *Napier*, 41 W. Va. 481, pt. 4 syl., 23 S. E. 800. "An erroneous instruction to a jury, given for the plaintiff, is not prejudicial to the defendant, if, after all the evidence was adduced, it would have been the duty of the court, upon proper motion, to direct a verdict for the plaintiff." *Davis* v. *Chesapeake & O. Railway Co.*, 61 W. Va. 246, pt. 1 syl., 56 S. E. 400.

For reasons stated herein, the judgment of the Circuit Court of Logan County in entering judgment for the plain-

tiffs for $4,000 against National Fire Insurance Company of Hartford, Connecticut, is reversed, and to that extent the verdict is set aside and a new trial awarded; the judgment of the circuit court in favor of the plaintiffs for $5,000 against Westchester Fire Insurance Company of New York on the policy covering real estate is affirmed; and the case is remanded to the Circuit Court of Logan County for such further proceedings consonant with the views herein expressed as may be proper.

> *Affirmed in part;*
> *reversed in part;*
> *remanded.*