Wright's Adm'r v. Northwestern Mutual, Life Insurance Co.

CASE 37—PETITION ORDINARY—February 5.

# Wright's Adm'r v. Northwestern Mutual Life Insurance Company.

### APPEAL FROM HARRISON CIRCUIT COURT.

1. An insurance company is responsible for the acts and declarations of its soliciting agents in the matter of preparing applications. Therefore, where the applicant for insurance makes true answers to a question propounded to him, and the soliciting agent writes in the application a different answer, which he assures the applicant will meet the requirements of the policy, the company will be liable, although it might have refused the insurance if the answer made by the applicant had been written in the application.

   In response to the question as to the occupation of the insured, the applicant answered that he was an employe of a railroad company, working in its yards, and the soliciting agent wrote as the answer the word "laborer," saying that would cover all. The policy provided that it should be void if the insured should engage in switching, coupling or uncoupling cars. The insured died from injuries received while employed in the yard of a railroad company. *Held*—That the company is liable, although it might have refused the insurance if it had known the occupation of the insured.

2. Questions in Application Answered by Another than Insured.—Although the questions were neither put to nor answered by the insured, but by his mother acting for him, yet if the agents were informed by her of his actual occupation. the company is as much bound thereby as if he had given the information.

3. The burden was upon plaintiff to sustain his plea in avoidance of the forfeiture relied upon by defendant, and as this was the only issue in the case, the court erred in denying to plaintiff the right to conclude the argument.

W. P. D. BUSH for appellant.

1. The burden of proof was upon the plaintiff, and his counsel was entitled to the conclusion of the argument to the jury. (Royal Ins Co. v. Schwing, 10 Ky. Law Rep., 380; Fireman's Ins. Co. v. Schwing, 10 Ky. Law Rep , 883.)

2. An insurance company is bound by act of agent in making false statement in filling up application, and is estopped from relying upon such false statement. (Ins. Co. v. Wilkinson, 13 Wall., 222; N. Y. Mut. Life Ins. Co. v. Baker, 94 U. S., 610; Western Assurance Co. v.

Wright's Adm'r v. Northwestern Mutual Life Insurance Co.

Rector, 85 Ky., 294; McArthur v. Home Life Ins. Co., 5 Am. St. Rep., 684; Ins. Co. v. Norton, 96 U. S., 234; Ins. Co. v. McCain, 96 U. S., 84.)

3. Answers must be shown to be both untrue and known to be so to avoid policy. (Ins. Co. v. Gridley, 100 U. S., 614; Nat. Bank v. Ins. Co., 95 U. S., 673.)

4. Knowledge of agent is to be imputed to the company. (Phœnix Ins. Co. v. Spiers & Thomas, 87 Ky., 285; Hartford Fire Ins. Co. v. Haas, 87 Ky., 533; Mut. Benefit Life Ins. Co. v. Daviess' Ex'r, 87 Ky., 541.)

FORMAN & CASON FOR APPELLEE.

1. The mere statements of an insurance agent can not vary the terms of the written contract between the parties. (Western Assurance Co. v. Rector, 85 Ky., 294.)

2. The statements of the application are to be held as representations by the assured, offered as the basis for a contract, and if the same are in any material respect untrue, the contract will be avoided. (German Ins. Co. v. Rudwig, 80 Ky., 223; Galbraith's Adm'r v. Arlington Mut. Life Ins. Co., 12 Bush, 31; Phœnix Ins. Co. v. Lawrence, 4 Met., 13; Craycroft v. Selvage, 10 Bush, 708; Bowlan v. Hecla Fire Ins. Co., 31 N. W. Rep., 859; Kyte v. Commercial Union. Ins. Co. (Mass.), 10 N. E. Rep., 518; Cleaver v. Traders' Ins. Co. (Mich.), 32 N. W. Rep., 660; Putnam Tool Co. v. Fitchburg Mut. Fire Ins. Co. (Mass.), 13 N. E. Rep., 902; Hawkins v. Rockford Ins. Co. (Wis.),35 N. W. Rep., 34.)

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

For the recited consideration of a written application, and statements therein, referred to and made part of the contract, payment of one hundred and eighty-eight dollars and nine cents made, and the same sum agreed to be paid annually for fifteen years, appellee issued, April 18, 1882, a policy by which it agreed to insure the life of William Wright in the sum of three thousand dollars.

It appears that Rebecca Wright, his mother, was originally intended to be named as beneficiary of the policy, though issued to him; and to her, in Cyn-

thiana, where she resided, Gillmore & Rankin, soliciting agents, presented the blank form of application and propounded all the questions, and by her were all the answers given, though written out by them. After she had signed the application it was taken to Lexington by one of the agents, and for the first time presented to and without further interrogation signed by him. But upon receiving the application thus made out at its principal office in Milwaukee, Wisconsin, sent through and countersigned by Robinson & Onan, general agents at Louisville, appellee declined to insure for benefit of Rebecca Wright during life of her husband; and thereupon the application was altered by erasing her name, and the policy issued for benefit as well as in name of Wm. Wright, though it was delivered to and the first premium paid by her.

He having died in November, 1882, from injuries received while employed in the yard of a railroad company at Lexington, appellant, administrator of his estate, brought this action to recover amount of the policy. But judgment is resisted upon the grounds that the assured violated a clause of the policy forbidding his engaging in switching, coupling or uncoupling railway cars, and of misrepresentation made in respect to his occupation, which was stated in the application to have been that of laborer.

Upon trial of the action there was evidence showing that when Gillmore & Rankin read to Rebecca Wright the question of Wm. Wright's occupation, she stated to them he was an employe of a railroad company at Lexington, and working in its yards;

but, nevertheless, one of the agents directed the other to write as her answer the word "laborer," saying it would cover all, and it was accordingly so written, and now appears in the application. That evidence was, however, contradicted by witness for appellee, and thus the main issue of fact was made and submitted to the jury by the following and only instruction given: "The jury should find for the defendant, unless the jury find from the evidence that the defendant company, at the time of the delivery of the policy, or find that the defendant company's general agents, Robinson & Onan, or either of them, at the time of the delivery of the policy in the proof described, knew or had information that the decedent, Wright, was engaged in switching or coupling or uncoupling cars in the railroad yards, in which case the jury should find for the plaintiff in the sum of three thousand dollars."

The purpose of requiring answers to the numerous and comprehensive questions contained in an application for a policy of life insurance is to enable the company to avoid taking risks it would not do with full knowledge of the actual situation and condition of the applicant; and in order to prevent possible injury to the company by false answers to the questions, the application is made part of the contract, and right reserved to refuse payment of the policy in case any material statement made by the assured turns out to be false. But one party to a contract, however explicit its stipulations and conditions, can not, after receiving full benefit of all he was entitled to from compliance in good faith by the other, avoid

performance of his part upon the ground of misrep-
resentation, when he was not, in fact, deceived, nor
any attempt made to deceive him.

Although the questions were not put to nor answered
by Wm. Wright, but by his mother acting for him,
yet, if the agents were informed by her of his actual
occupation, the company is as much bound thereby,
if at all, as if he had given the information; and while
it is doubtless true that the company would not have
issued the policy if the answer of Rebecca Wright in
respect to his occupation had appeared in the applica-
tion, as some of the witnesses testified on the trial she
made it, it is equally manifest the policy would not
have been accepted, nor any premiums paid, if either
Rebecca Wright, who paid, or Wm. Wright, for whom
it was paid, had believed a forfeiture would or could
be legally claimed upon the grounds now relied on as
defense to the action.   As then, if what is stated in
avoidance of the forfeiture be true, a condition exists
which neither the insured, nor, as must be assumed,
the insurer anticipated, or intentionally caused, one
or the other party must suffer on account of the mis-
conduct of Gillmore & Rankin.   Whether it shall be
the personal representative of the insured or the in-
surer depends upon the extent to which the latter
can be fairly and legally made to answer for the acts
of its soliciting agents, there being no question of
the correctness of the principle contained in the in-
struction of the lower court when applied to either
the company or its general agents.

In Mutual Benefit Insurance Company v. Daviess'
Ex'r, 87 Ky., 541, it was held that the doctrine of

estoppel applied whenever the agent of a life insurance company, having knowledge. of the facts, so explains the meaning and effect of an answer as to cause the applicant, acting in good faith, to believe it sufficient, and accordingly make it as appears in the application, or, as was the case in this instance, to adopt it as indited by the agent himself.

The modern, and we think correct, doctrine is to regard the description of the risk, though nominally proceeding from the insured, as the act of the company, when its agents, by a false or erroneous statement of what the application should contain, or taking the preparation of it into their own hands, procure his signature by an assurance that it is properly drawn, and will meet the requirements of the policy. (Rowley v. Empire Insurance Co., 36 N. Y., 550; May on Insurance, 165; Hartford Insurance Co. v. Haas, 87 Ky., 533.)

The rule by which to determine ·the responsibility of an insurance company for acts of its agents as laid down in Insurance Co. v. Wilkinson, 13 Wall., 222, upon authority of cases cited and approved by this court in Phœnix Ins. Co. v. Spiers & Thomas, 87 Ky., 285, and other cases, is as follows: "The powers of the agent are *prima facie* coextensive with the business intrusted to his care, and will not be narrowed by limitations not communicated to the person with whom he deals. An insurance company establishing a local agency must be held responsible to the parties with whom they transact business for the acts and declarations of the agent within the scope of his employment as if they proceeded from the principal."

It seems to us, considering the amount of business intrusted to and done by soliciting agents of insurance companies, the circumstances under which, and persons with whom it is generally done, and the opportunities they have, and temptation put in their way by the companies to overreach those desiring, or rather those whom they persuade, to insure, the rule mentioned would be nearly inoperative if not made to apply to them as well as general agents; for a large, if not largest, portion of the business and consequent profits of life insurance companies is obtained by them; they are empowered to solicit and receive applications, which every company well knows can not, in many if not most cases, be made out intelligibly by applicants without their advice and instruction; and moreover, as pay for their services is made to depend upon commissions on premiums collected, they have a direct interest in making each application conform to requirement of the company, which may be and is often done by explanations and assurances that are deceptive, yet relied on by the insured. We think not to make an insurance company responsible for acts and declarations of its soliciting agents in the matter of preparing applications would not only give it undue advantage of ill-informed and unsuspecting persons, but be an invitation to both the company and its agents to take it; and consequently the instruction in this case should have been made applicable to soliciting as well as general agents.

As by the issue of fact presented in the instruction the verdict of the jury was made to depend upon the sufficiency of the plea in avoidance of forfeiture of the

policy, the onus was upon the plaintiff in the action, and it was error to deny to him the right to conclude the argument.

Wherefore, the judgment is reversed, and cause remanded for a new trial consistent with this opinion.