### WIGHT et al. v. ROYAL INS. CO.

(Circuit Court, E. D. Pennsylvania. November 29, 1892.)

No. 49.

FIRE INSURANCE—NOTICE OF CANCELLATION.

A fire insurance policy provided that the company could terminate the insurance by giving "notice to the insured or his representative," and refunding a ratable proportion of the premium. *Held*, that the brokers who obtained the insurance were not the insured's representatives to receive notice of cancellation. Grace v. Insurance Co., 3 Sup. Ct. Rep. 207, 109 U. S. 278, followed.

At Law. Action by Wight & Lackey against the Royal Insurance Company to recover loss on a policy of fire insurance. On motion for judgment for want of a sufficient affidavit of defense. Rule absolute.

W. Wilkins Carr, for plaintiffs.
Morton P. Henry, for defendant.

DALLAS, Circuit Judge. This is an action to enforce payment of loss under a policy of fire insurance. The defense alleged by the affidavit is that the insurance had been duly terminated before the loss occurred. The policy contains a canceling clause as follows:

"When, from any cause, the company or its agents shall desire to terminate this insurance effected, it shall be lawful for the company or its agents so to do by notice to the insured or his representative, and to require this policy to be given up for the purpose of being canceled: provided, that in any such

case the company shall refund to the insured a ratable proportion, for the unexpired time thereof, of the premium received for the insurers."

It is not necessary to examine the affidavit of defense at length. This motion may be disposed of by accepting the statement upon defendant's brief, that—

"The facts in this case present but two points: (1) Were the brokers who obtained this insurance for plaintiff the proper parties to whom notice of cancellation of the risk should be given? (2) Was an actual tender of the return premium necessary?"

I abstain from expression of any opinion upon the second of these points, because the conclusion which I have reached upon the first one is decisive of the case. In Grace v. Insurance Co., 109 U. S. 278, 3 Sup. Ct. Rep. 207, the clause of the policy, with respect to termination of the insurance by the company, "on giving notice to that effect, and refunding a ratable proportion of the premium," was substantially the same as in this case. Notice had been given to the person who had personally procured the insurance, and who, it was expressly stipulated, should be deemed to be the agent of the assured "in any transaction relating to this insurance." The supreme court viewed the question as one of interpretation of the contract, and held (reversing the court below) that notice to such person was not properly given. With respect to the construction of the similar clause contained in the policy upon which this action is based, counsel have not pointed out, nor do I perceive, any difference in language which would justify a difference of interpretation, unless in the presence of the words, "or his representative," in the clause now under consideration, thus: "Notice to the insured or his representative."

This difference does not, however, remove the present case from the authority of Grace v. Insurance Co. In my opinion, if—as that case seems to me to decide—the brokers who obtained this insurance were not the plaintiff's agents to receive notice of cancellation, they were not his "representatives" for that purpose. I know of no ground upon which the brokers could be held to represent the plaintiff, unless as his agents. Rule absolute.