# CHARLESTON.

LUSK v. AMERICAN CENTRAL INSURANCE CO.

Submitted March 13, 1917.    Decided March 20, 1917.

1. INSURANCE—*Cancellation of Policy—Power of Agency—Recovery.*
    Where the authority conferred upon an insurance agency by a property owner relates only to the procurement of a policy of fire insurance, which provides that it may be cancelled by the company upon five days' notice to the insured, the agency in effecting a cancellation at the direction of the insurer is its representative; and an instruction by the company to the agency, though timely given, to cancel the policy, and the action of the agency on the day before loss by fire in canceling the contract and substituting therefor a policy in another company, knowledge of which is not acquired by or communicated to the insured until after the fire, are ineffectual to discharge the original contract or to defeat recovery thereon.    (p. 40).

2. SAME—*Fire Insurance—Waiver by Agent—Statute.*
    A clause in a fire insurance policy, in the form authorized by §68, ch. 34, Code, forbidding waiver by an agent of "any provision or condition" thereof except by written endorsement thereon, relates to provisions and conditions the performance and fulfillment of which are essential to the validity of the contract and its continuance in force, and does not refer to stipulations to be performed after a loss has occurred.    (p. 44).

3. SAME—*Fire Insurance—Waiver of Provisions.*
    Notwithstanding such clause, the condition of the policy requiring notice and formal proofs of loss by the insured may be waived by parol by a local agent empowered to issue policies, collect premiums and make renewals and cancellations.    (p. 45).

4.   Same—*Fire Insurance—Notice of Proofs of Loss—Waiver.*

> Such condition is waived by conduct by the insurer or its authorized agent amounting to a recognition of liability, as an assurance or offer of payment of the loss or negotiations for its settlement as if formal proofs actually had been furnished, or if what is so said and done reasonably induces the insured to believe that proofs are not required or necessary and he is influenced thereby to rely in good faith thereon.   (p. 44).

Error to Circuit Court, McDowell County.

Action of assumpsit by L. P. Lusk against the American Central Insurance Company.   Judgment for plaintiff, and defendant brings error.

                                         *Affirmed.*

*Goodykoontz & Scherr,* for plaintiff in error.

*Litz & Harman,* for defendant in error.

Lynch, President:

Upon a policy of insurance against loss by fire, drawn to cover an office building for one year from August 25, 1914, plaintiff brought assumpsit, and, upon defendant's demurrer to the evidence, recovered the judgment of which it complains. The fire that destroyed the property occurred at one o'clock on the morning of July 11, 1915. The grounds of defense are cancellation of the policy, failure to notify the company of the loss and to furnish proofs of loss.

The policy is the New York standard form, and reserves the right to cancel it by giving five days' notice to the insured. No such notice was given. The only attempt to comply with that provision of the contract was a notice to the Welch Insurance Agency, a copartnership representing defendant in procuring and writing for it policies of insurance in McDowell county, to cancel all policies procured for it through the agency and then in force in that county, among them being the one now in suit. Of this direction it is not contended plaintiff had notice or knowledge from any source whatever. From the testimony it appears that in lieu of the policy issued by defendant, Blakely, the active agent of the Welch agency, substituted a policy of another company on

July 10, 1914, and on the evening of that day mailed it to plaintiff at Davy, the situs of the property insured. This policy plaintiff did not receive until July 13, because of absence from home; and Blakely admitted he would not have received it until after the fire. Devoid as the record is of proof in the slightest degree tending to show the Welch agency had authority to represent plaintiff in the cancellation of the policy and the substitution of another therefor, it can not be said the attempted cancellation operated to relieve defendant from liability. On the contrary, there is no escape from the conclusion that the agency as to that matter represented defendant alone; and it could not excuse itself from liability by cancellation except upon five days' notice, unless plaintiff waived that requirement. The transaction between plaintiff and the agency prior to the fire related solely to the issuance of the policy sued on. So far as appears, the authority conferred upon it by him was limited to the procurement of that indemnity. Clearly, the insurance agency was not the agent of plaintiff to effect a cancellation of that contract, and notice to it by defendant therefor was not notice to the insured, and was ineffective because not communicated to him in compliance with the policy provisions. *Wight* v. *Royal Insurance Co.,* 53 Fed. 340; *Insurance Co.* v. *Central Railway Co.,* 134 Fed. 794; *Assurance Co.* v. *Cooper,* 26 Col. 452; *Hartford Fire Insurance Co.* v. *Tewes,* 132 Ill. App. 321; *American Fire Insurance Co.* v. *Brooks,* 83 Md. 22; *Snedicor* v. *Citizens Insurance Co.,* 106 Mich. 83; for other cases see note 38 L. R. A. (N. S.) 623. Nothing in evidence discloses any desire, motive or inducement actuating Lusk to discharge defendant from liability or to effectuate any change in the policy he then had. Nor did the mere retention by him of the substituted policy, pending his efforts to secure an adjustment and settlement under the original contract, constitute a waiver of want of notice or invalidity of the cancellation. *Quong Tue Sing* v. *Assurance Corporation,* 86 Cal. 566; *Insurance Companies* v. *Raden,* 87 Ala. 311.

There is not more plausibility in the contention that plaintiff failed to cause information of the loss to be imparted to defendant. He promptly notified the Welch agency through Blakely, who visited Davy on July 12, saw what the fire

had wrought, and to Perry, the special agent of defendant, reported all that was necessary to fix liability under the provision of the policy as to notice of the loss. Besides, according to the testimony of plaintiff, the defendant sent J. F. Hurt, an adjuster, to view the premises after the fire. Moreover, the Welch agency wrote plaintiff July 13: "We have your favor of the 12th inst., advising us of your loss in the recent fire at Davy, and in reply beg to say that we have reported this loss to the company and will have your loss adjusted and paid within a few days". And Blakely testified: "I reported the loss in the usual way. * * I wrote to Mr. Perry, the special agent of the American Central Insurance Company in charge of this section of the state. I told him the conditions and everything in regard to the loss".

The only other defense is based upon the failure to present to the company proofs of loss, by writing under oath, in strict compliance with a condition of the policy therefor. Plaintiff did not furnish any formal proofs of loss.

The loss was total, the destruction complete. No question has arisen as to ownership or encumbrances, or as to the amount of the loss sustained. Formal proofs could not have made these facts more clear; and enough is proved to warrant the inference that defendant was advised as fully and completely of the existence of these facts as it would have been had formal proof thereof been furnished as required by the policy. The testimony renders certain that the Welch Insurance Agency was as to the transactions the agent of the defendant. Blakely, the active manager and secretary-treasurer of the firm, puts that question beyond dispute. The defendant recognized that agency as its representative, and through it procured many contracts of insurance in McDowell county. These contracts the agency had authority to solicit, to write and execute so as to bind the company, collect and remit premiums, and cancel policies when directed by the insurer or required by the insured. For these purposes the insurance companies represented by the agency supplied it with policies duly signed by them ready for delivery when countersigned by the agency. It was defendant's general agent in the transaction of its business in that locality. In

it as such representative plaintiff apparently confided.    To
it he gave information of the loss, which it imparted to the
defendant "in the usual way".    Blakely told Perry "the
conditions and everything in regard to the loss".    But two
witnesses testify, plaintiff in his own behalf, and Blakely
for defendant; and their testimony does not conflict.    They
conferred upon the liability of the company, and Blakely
assured plaintiff the policy would be paid promptly.    These
negotiations continued from a few days to three or four
months after the fire, Blakely all the time assuring plaintiff
the loss would be settled by the company.    None of these
facts does defendant· undertake to controvert; but it is ar-
gued that they do not satisfy the condition of the policy
requiring proofs of loss, and are insufficient to constitute a
waiver of such requirement.

Courts look with disfavor upon attempts by insurers to
evade liability by reliance upon forfeiture, and such a de-
fense will not· be permitted to defeat a just cause of action if
there be reasonable ground on which to predicate a waiver
of the forfeiture asserted.    Although preliminary proofs of
loss are made a condition precedent to the right to recover
on a policy of insurance, yet if what is said and done by the
insurer, or by an authorized agent on his behalf, may rea-
sonably induce the insured to believe that formal compliance
is not required, and he is influenced thereby to rely in good
faith thereon as a waiver, such conduct will operate to ex-
cuse non-compliance.    *Peninsular Land Co.* v. *Franklin In-
surance Co.,* 35 W. Va. 666; *Hartford Fire Insurance Co.* v.
*Keating,* 86 Md. 130; *Kenton* v. *Insurance Co.,* 7 L. R. A. 81;
*Providence Insurance Co.* v. *Wolf,* 168 Ind. 690.    Mere
silence on the part of the insurer will not constitute a waiver;
but if he reasonably induces the assurred to believe proofs
are not necessary or demanded, the delinquency will not de-
feat a recovery.    In *Hartford Fire Insurance Co.* v. *Keating,*
cited, it was held that if after a loss an agent of the insurer
examines into the circumstances of the loss and the value
of the property, and states that he will send a check for the
amount of the policy, and the assured therefrom understands
he will not be required to furnish proofs of loss as stipulated

for in the contract, the payment of the indemnity can not be resisted because of the failure to furnish such proofs. And in the Kenton case, *supra*, it was said: ''The appellee began to comply with his contract the morning after the fire, and attempted to do everything that was necessary to notify the company of his loss, but delay after delay, resulting more from the action of the company than that of the appellee, prevented the proofs from being made within the thirty days; and that the appellee was lulled into security by the conduct of the company or its agents is too plain a proposition to be controverted.   *   *   Confiding in the statements of the local agent, and with the full belief that this company was preparing to adjust the loss, he took no steps to present the proofs, except in the manner stated, and is now met with the defense that the company was delaying payment for the want of the proof of loss.   *   *   The general doctrine in regard to such conduct on the part of insurance companies can be well applied in this case. The preliminary proofs of loss will be excused on the ground of waiver by the insurers, if their conduct is such as to induce delay, or to render the production or correction useless or unavailing, or as to induce in the mind of the insured a belief that no proofs will be required''. May on Insurance §468. So a proposal by a life insurance company to settle at a fixed sum named by it will constitute a waiver of proof of death as required by the policy. *McElroy* v. *Hancock Mutual Life Insurance Co.*, 88 Md. 137. It is a rule well supported by the decisions that recognition of liability by the company, as by an offer to pay all or a part of the loss, or negotiations for settlement under the policy as if proofs of loss actually had been furnished, will amount to a waiver of formal notice and proofs of loss or of defects therein. *Caledonian Fire Insurance Co.* v. *Frank*, 86 Md. 86; *Aetna Insurance Co.* v. *Simmons,* 85 Ind. 362; *Commercial Fire Insurance Co.* v. *Allen*, 80 Ala. 571; *Lewis* v. *Monmouth Mutual Fire Insurance Co.*, 52 Me. 492; *Murphy* v. *North British Insurance Co.*, 70 Mo. App. 78; *Teasdale* v. *Insurance Co.*, 163 Ia. 596, and valuable note in 39 Ann. Cas. 594.

By the policy sued on it is provided that ''no officer, agent

or other representative of this company shall have power to waive any provision or condition of this policy except such as by the terms of this policy may be the subject of agreement endorsed hereon or added hereto; and as to such provisions and conditions no officer, agent or representative shall have such power or be deemed or held to have waived such provisions or conditions unless such waiver, if any, shall be written upon or attached hereto". It is contended that this provision forbids a waiver by parol by a local agent. The precendents do not sustain this proposition. A very different construction has become well established in the various states. By the great weight of authority, this clause refers only to conditions the fulfillment of which is essential to the validity of the policy at its inception and its continuance in life, and has no reference to stipulations to be performed after a loss has occurred, such as giving notice and furnishing proofs of loss. 14 R. C. L. 1345, 1346; *McCollough* v. *Insurance Co.,* 155 Cal. 659; *Bernhard* v. *Insurance Co.,* 79 Conn. 388; *Washburn* v. *Insurance Co.,* 110 Ia. 423; *Franklin Fire Insurance Co.* v. *Chicago Ice Co.,* 36 Md. 102; *Phenix Insurance Co.* v. *Bowdre,* 67 Miss. 620; *Carson* v. *Insurance Co.,* 43 N. J. L. 300; *Dibbrell* v. *Insurance Co.,* 110 N. C. 193. With a similar degree of unanimity it is held that, notwithstanding the clause quoted, a local agent, such as is the Welch agency, authorized to issue policies, collect premiums and make renewals and cancellations, may by waiver of proofs of loss bind the company. 14 R. C. L. 1158; *Aetna Insurance Co.* v. *Kennedy,* 161 Ala. 60; *Insurance Co.* v. *Humphrey,* 62 Ark. 348; *Farnum* v. *Insurance Co.,* 83 Cal. 246; *Insurance Co.* v. *Hyman,* 42 Col. 156; *McGurk* v. *Insurance Co.,* 56 Conn. 528. Citing numerous decisions in support of such parol waiver, the court in *Washburn* v. *Insurance Co.,* 110 Ia. 423, said: "This stipulation" prohibiting waiver except by endorsement upon the policy "relates to the conditions and provisions of the policy, and not to their performance; or, as put in numerous authorities, it applies only to those conditions and provisions in the policy which relate to the formation and continuance of the contract of insurance, and are essential to the binding force

of the contract while it is running, and does not apply to those conditions which are to be performed after the loss has occurred, in order to enable the assured to sue on his contract. We believe it to have been uniformly so held when attention has been directed to this particular point''. ''The conditions contemplated are of the essence of and form a part of the contract of insurance, upon which its continuing force depends. Under a valid policy, liability attaches on the happening of the loss, and evidently the requirement of proofs of loss pertains, not to the provisions of the policy, but to the performance of them. Furnishing proofs of loss certainly is of the procedure to enforce the terms of the contract''.

Finding no error, we affirm the judgment.

*Affirmed.*