## North River Insurance Co. v. Rawls.

(Decided October 7, 1919.)

### Appeal from Henderson Circuit Court.

Insurance—Burden of Proof—Waiver.—The party who would fail upon the whole case if no evidence at all was introduced, is entitled to the burden and the closing argument, and where in a suit upon a policy of insurance-the defendant admitted the policy and loss but attempted to avoid the contract by pleading the "vacancy and unoccupied" clause of the policy, alleging that the

house was and had been vacated for more than ten days next before the fire, in violation of the terms of the policy, and the plaintiff by reply averred that the agent of the company for and on behalf of the company had waived the vacancy and unoccupied clause in the contract, the only issue left was the waiver alleged by the plaintiff and denied by the defendant, and as the burden was on the plaintiff to establish the waiver he was properly awarded the closing argument.

DORSEY & DORSEY for appellant.

JOHN C. WORSHAM for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

The insurance company issued a policy of fire insurance for $800.00 on a house in Henderson, owned by Reeder, and Reeder became indebted to Rawls and a "loss payable clause" in favor of Rawls was attached to the policy. The house was destroyed by fire and the company denied its liability. Suit was instituted by Rawls to enforce the contract and to collect the $800.00. By amended petition Reeder was made a party plaintiff. By answer the insurance company admitted all the allegations of the petition except it pleaded by way of avoidance that the terms of the policy had been violated and the property allowed to become vacant and unoccupied for as much as twenty-five or thirty days next before the fire, in violation of a clause of the policy which reads:

"This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void . . . . if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." To this answer Rawls replied that the building had not become vacant or unoccupied; that he had a tenant in the property all the time except for a very brief period, and at that time he left in his residence furniture enough to furnish a room, and that before he left his house without a tenant for the short period mentioned, he had applied to the agent of the insurance company, Mr. Sights, for a vacancy permit, and that Mr. Sights as agent for the company instructed him (Reeder) not to insist upon a vacancy rider, but to leave part of his furniture in the house, and if he would do so, his house would not be vacant or unoccupied within the meaning of the clause of the contract above quoted; that in compliance with said

instruction he did leave in said house certain furniture sufficient to furnish one room; that the said agent was the same who had solicited and procured his insurance, collected the premiums and delivered the policy to Reeder, and that by his said instruction he had for the insurance company waived the vacant or unoccupied clause of the policy, and said clause was not in force or effect at the time the fire occurred, but that the policy was in full force and effect at said time. The affirmative allegations of the reply were traversed by the insurance company, thus making up the issues. There was evidence introduced by the insurance company to show that the house had been vacated for more than ten days next before the fire occurred, while Rawls introduced evidence to show that the house had certain furniture in it and that the agent of the insurance company had waived for the company the vacant or unoccupied clause of the policy. The jury returned a verdict in favor of Rawls for the amount of the policy, and the insurance company appeals.

Appellant company urges a reversal of the judgment on the following grounds: (1) The court erroneously awarded the burden of proof to the plaintiff; (2) the court erred in overruling the appellant's motion for a directed verdict; (3) the court erred in its instructions to the jury; (4) the verdict is directly contrary to the evidence, and is not sustained by the evidence. We will consider the foregoing alleged errors in the order named.

(1) No rule is better settled than that the burden of proof lies on the party that would be defeated if no evidence were given on either side. This is regulated by section 526 Civil Code. In this case the defendant specifically admitted all the allegations of the petition with reference to the solicitation of the agent for the business; the application of Reeder for the policy; the issual of the policy; the payment of the premiums by Reeder, and acceptance by the agent Sights; the assignment of the benefits of the policy to Rawls, and the destruction of the property; but denied its liability because, as it alleged, the building was vacant and unoccupied at the time of the fire and had been for more than ten days next before the fire, in violation of the terms of the policy. If Rawls had merely traversed the allegations of the answer, the defendant company would have been entitled to the burden of proof, but Rawls did not stop with a traverse, he pleaded an avoidance of the allegations of the answer, averring facts showing that the agent of the insurance

company had previous to the fire waived the unoccupied and vacant clause of the policy which was a good response to the allegations of the answer, to which pleading the insurance company rejoined, denying that the agent had waived the terms of the policy. So that, the real issue was whether or not the terms of the policy had been waived, and as the plaintiff Rawls asserted the waiver and the company denied it, Rawls would have failed, had no proof been introduced. So applying the rule stated above it follows that the court properly allowed plaintiff Rawls to assume the burden of proof.

(2-4) The second and fourth errors urged by appellant may be considered together as they relate to the weight of the evidence and credibility of the witnesses. On the question of waiver, Reeder, who is designated as the insured in the policy, testified that the insurance agent, Sights, solicited the business, obtained his contract and delivered the policy; that Reeder paid the premiums to Sights, and that Sights had directed him to leave part of his furniture in the house and told him that if he would so leave his furniture that a vacant or unoccupied permit or rider on the policy was unnecessary, and that following the directions of the insurance company's agent he did not insist upon a permit or rider, and that as a consequence the house was destroyed by fire at a time when the company through its agent had waived the terms of the policy in so far as they related to a vacancy of the house. The agent, Sights, testified that he did not waive the terms of the policy in the respect claimed by Reeder, and that he did not talk with Reeder on the subject. There was some evidence tending to support the testimony of Sights. The evidence was in conflict and it was the duty of the jury to find the facts from the evidence, which it did by returning a verdict in favor of Rawls, thus accepting the evidence of Reeder and Rawls as against the agent, Sights, and other witnesses for the insurance company. It was a question of credibility of witnesses, of which the jury was the sole judge. The verdict is not palpably against the weight of the evidence, and we are not at liberty to disturb it on this ground.

(3) It is insisted by the insurance company that the rule adopted in Kentucky is, that an insurance company agent's knowledge respecting any material fact affecting the risk is imputed to the company, and the company is estopped from setting up any defense, unless the per-

son dealing with the agent knew of his limited power and that he was exceeding his authority, and this rule must be accepted as correct. But there is no evidence in this case which shows that either Reeder or Rawls knew that the agent, Sights, was without authority to waive the terms of the policy, as Reeder testifies he attempted to do. The agent, Sights, solicited the business, wrote the policy and delivered it, and collected the premiums. We have affirmed the rule that a vacancy clause in a fire insurance policy can be waived by the words or conduct of an agent who is authorized to solicit insurance, take the application, deliver the policy and collect the premiums thereon. He need not be clothed with authority to issue policies. Phoenix Insurance Co. v. Spiers & Thomas, 87 Ky. 285. Nothing appearing to the contrary, Reeder was within the rule when he applied to the agent, Sights, who had solicited and had written his policy and collected the premium, for a vacancy permit, and was assured by the agent, Sights, that no such permit would be necessary or required if Reeder would leave some of his household goods in the house. Reeder had the right to rely upon this instruction and waiver of the clause of the policy by the agent, and having done so, the insurance company will not be heard to say that its agent, Sights, did not possess the authority to waive the terms of the contract under the rule so often upheld; especially is this true when it does not appear that the insured did know that the agent's power was limited, or that he was without authority to make such waiver.

While there is a formal objection to the instructions given by the court, counsel for appellant does not seriously insist that the court erred to the prejudice of appellant in this regard, and we are convinced the instructions properly submitted the issues to the jury.

Judgment affirmed.