TONY MANGIAMELI, APPELLEE, v. SOUTHERN SURETY COMPANY, APPELLANT.

FILED MARCH 22, 1924.   No. 22669.

1. **Principal and Agent:** APPARENT AUTHORITY. The apparent authority of an agent which will bind his principal is such

authority as the agent appears to have by reason of the actual
authority conferred upon him by his principal.

2. Insurance: WAIVER: APPARENT AUTHORITY OF AGENT. Under
the facts set out in the opinion, *held* that statements of an agent
of an insurance company with limited authority, waiving notices
of sickness required by the policy, are within the apparent scope
of the agent's authority and binding upon the company.

APPEAL from the district court for Douglas county:
ARTHUR C. WAKELEY, JUDGE. *Affirmed.*

*Dressler, Neely & Morehouse,* for appellant.

*A. W. Elsasser, contra.*

Heard before MORRISSEY, C. J., LETTON, DEAN and DAY,
JJ., REDICK, District Judge.

DAY, J.

Plaintiff recovered a judgment against the defendant
for $285 for sick benefits upon a policy of life, accident and
health insurance issued by the defendant. Defendant ap-
peals.

The petition is in the usual form in actions of this char-
acter. Among other things, it is alleged that while the
policy was in full force and effect the plaintiff was taken
sick and confined to his home from December 29, 1920, to
April 15, 1921; that during that period, by reason of his
sickness, he was unable to perform the duties of his voca-
tion; and that by the terms of the policy there was due to
him $285 with interest.

The defendant admitted the issuance and delivery of the
policy, and the payment of the premiums, but denied any
liability to the plaintiff because of the failure of plaintiff
to comply with the provisions of the policy respecting no-
tice of sickness. These provisions were set out in full in
the answer. In brief, the conditions provided that written
notice of sickness on which a claim may be based must be
given to the company within 10 days after the commence-
ment of disability from such sickness; that, if the insured
is disabled by illness for more than 30 days, he or his

representatives shall furnish the company every 30 days, or as near thereafter as may be reasonably possible, with a report in writing from his attending physician, fully stating the condition of the insured and the probable duration of the disability; and that strict compliance with all the terms of the policy on the part of the insured was a condition precedent to recovery, and that a failure in this respect shall forfeit to the company all rights to indemnity.

The reply pleaded a waiver of strict compliance with the terms of the policy with respect to notice.

The ultimate question presented by the record is whether the written notices of sickness required to be given by the terms of the policy have been waived by the defendant.

The record shows that one Joe Turney was the duly appointed agent of the defendant; that he solicited the plaintiff to take out the policy upon which this action is based; that the policy was delivered to the plaintiff by Turney on February 2, 1916, and that thereafter the said agent collected from plaintiff the monthly premiums of $1.60 until May, 1921, a period of about five years and three months. The record further shows the plaintiff was taken sick on December 29, 1920, and that a few days thereafter the agent, Turney, was notified of that fact; that on January 8, 1921, Turney, who was a friend of the plaintiff, called at plaintiff's home; that during the conversation Turney told plaintiff not to bother about notice to the company, and added, "I will take care of you;" that during the plaintiff's sickness Turney called "many times" on the plaintiff; that on several occasions the plaintiff asked about his sick benefits, and was told by Turney not to worry about that, that he, Turney, would attend to everything necessary.

It is not disputed that Turney made the statements attributed to him by the plaintiff. The defendant claims that Turney was an agent of limited powers, and that he had no authority to waive any of the provisions of the policy. The

testimony on behalf of the defendant tends to show that Turney was authorized to solicit applications for insurance, deliver policies, collect premiums, and remit the same to the company, and that beyond performing these acts he was not authorized to represent the defendant. In this connection defendant calls attention to a condition of the policy which recites: "No agent has authority to change this policy or to waive any of its provisions." It has frequently been held, however, that provisions of this type, in an insurance policy, are for the benefit of the company and may be waived by the company acting through its agents authorized to do so.

The question is then presented whether Turney, in thus assuring plaintiff regarding notice of sickness to the company, was acting for the company, and within the apparent scope of his authority. Notwithstanding the testimony of the defendant as to the limited authority of Turney in representing the company, we think the terms of the policy confer upon him broader powers than indicated by the defendant's testimony. Following the provisions of the policy with respect to notices of sickness which have been referred to, the policy provides: "Such notice given by or on behalf of the insured or beneficiary, as the case may be, to the company at St. Louis, Missouri, or to any authorized agent of the company, with particulars sufficient to identify the insured, shall be deemed to be notice to the company." It seems clear that under this provision of the policy a written notice of sickness served upon Turney would have complied with the terms of the policy. He had actual authority then to do some acts for the company in connection with the subject of notice of sickness.

The rule established in this jurisdiction is well settled that the apparent authority of an agent which will bind his principal is such authority as the agent appears to have by reason of the actual authority conferred upon him. *Oberne v. Burke,* 30 Neb. 581; *Creighton v. Finlayson,* 46 Neb. 457; *Northwest Thresher Co. v. Eddyville State Bank,* 80 Neb. 377.

We think that the statements of Turney that he would look after the matter of sending notices to the company, and that the plaintiff need not bother about it, were within the scope of his apparent authority, and that the defendant was bound by his action. After lulling the plaintiff into a sense of security and inaction by the conduct of its agent, the defendant will not be permitted to take advantage of the provisions of the policy which the action of its agent had waived.

From what has been said, it follows that the judgment of the district court is right, and is therefore affirmed. An attorney fee of $50 is allowed for plaintiff's attorney for services in this court, to be taxed as a part of the costs.

AFFIRMED.