### Hurst Home Insurance Company v. Ledford.

(Decided January 20, 1925.)

### Appeal from Bath Circuit Court.

1. Principal and Agent—Principal Bound by Acts of Agent Within Apparent Scope of Authority, where Third Person Ignorant of Limitation.—A principal is bound by acts of agent within apparent scope of authority, though authority may be in fact limited if person dealing with agent is ignorant of limitation upon his authority.

2. Insurance—Insurance Agent Represents Insurrer.—Insurance agent represents company and not insured in taking application.

3. Principal and Agent—Loss by Reason of Acts of Agent Falls on Person Authorizing Acts, Rather than Innocent Third Person.—Where one of two parties must suffer loss through acts of agent, loss should fall on him who authorizes agent to act, rather than on innocent third person, unless agent is acting beyond scope of apparent authority.

4. Insurance—Insurer Held Bound by Agent's Representation as to Additional Insurance, though Provision in Policy to Contrary.—Where insurance agent acting within apparent scope of authority informed insured that he could take out additional fire insurance on house, which insured did, upon action on policy after destruc-

tion of house by fire, insurer could not set up provision in policy rendering it void if insured took out additional insurance.

ALLEN, BOTTS & DUNCAN, G. C. EWING and U. N. SWINFORD for appellant.

HOLMES & ROSS, C. W. GOODPASTER and W. B. WHITE for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

The Hurst Insurance Company is a mutual assessment fire insurance company, incorporated under the laws of Kentucky, having its home office at Millersburg, Kentucky. It operates by procuring business through agents, who solicit insurance, collect the initial fee, receive the application for insurance and forward it to the home office for acceptance or rejection. The assessments are made from the home office and the insured pays directly to it. The policies are mailed by the home office to the insured. In February, 1920, James B. Ledford, who was the owner of a new dwelling house, which cost him over $30,000.00, took out a policy for $5,000.00 on his residence, insuring him against loss caused by fire, lightning or wind. While the policy was in force the house burned and Ledford brought this action to recover upon it. The company defended upon the ground that the risk had been misrepresented in the application and that the insured had taken out subsequently other insurance without its consent. The policy provided that it should be void if the insured took out other insurance without the written consent of the general manager and secretary of the company. On the trial of the case in the circuit court the plaintiff recovered. The defendant appeals.

The chief ground relied on for reversal is that the policy became void when the insured took out a subsequent policy in another company upon the house for $10,000.00, without the consent of the general manager and secretary. The facts as proved by the plaintiff and evidently accepted as true by the jury are these: Arthur Bristow was the soliciting agent of the company. About the time the house was finished he 'phoned Ledford, asking him to give him $5,000.00 of the insurance on the house. Soon afterwards he met Ledford on the street and repeated his request. Thereupon they went together

to fix up the papers. Bristow was only allowed to write insurance on one house to the amount of $5,000.00. Ledford told Bristow that he would want other insurance on his house. Bristow told him that was all right to get other insurance when he got ready, that it would make no difference. Relying upon this statement of Bristow Ledford subsequently took out the additional insurance without knowing that he was required to get the written consent of the general manager and secretary. Ledford acted in good faith on the assurance of Bristow when he took his application and collected the initial fee of $20.00, but he was only a soliciting agent and did not deliver the policy. The question presented is, may the insurance company now rely upon this provision of the policy when its agent who took the application misled the insured in this way? In Wright v. Northwestern, &c., Ins. Co., 91 Ky. 214, this court thus stated the rule: ·

> "It seems to us, considering the amount of business intrusted to and done by soliciting agents of insurance companies, the circumstances under which, and persons with whom it is generally done, and the opportunities they have, and temptation put in their way by the companies to overreach those desiring, or rather those whom they persuade, to insure, the rule mentioned would be nearly inoperative if not made to apply to them as well as general agents; for a large, if not largest, portion of the business and consequent profits of life insurance companies is obtained by them; they are empowered to solicit and receive applications, which every company well knows cannot, in many if not most cases, be made out intelligibly by applicants without their advice and instruction; and moreover, as pay for their services is made to depend upon commissions on premiums collected, they have a direct interest in making each application conform to requirement of the company, which may be and is often done by explanations and assurances that are deceptive, yet relied on by the insured. We think not to make an insurance company responsible for acts and declarations of its soliciting agents in the matter of preparing applications would not only give it undue advantage of ill-informed and unsuspecting persons, but be an invitation to both the company and its agents to take it; and consequently the instruction

in this case should have been made applicable to soliciting as well as general agents.''

This case has been followed and approved by the court in many subsequent opinions. See cases collected thereon in Caldwell's Notes to Kentucky Reports, vol. 2, p. 1539, vol. 3, p. 920. Some recent cases upholding the rule are: Aetna Insurance Co. v. McCullagh, 185 Ky. 665; Standard Auto. Ins. Ass'n v. Russell, 199 Ky. 470; Same v. Henson, 201 Ky. 230. These opinions rest upon the ground that the principal is bound by the acts of his agent within the scope of his apparent authority, though his authority may be in fact limited, if the person dealing with him is ignorant of the limitation upon his authority. Few persons understand insurance who have not made it a special study. The agent who comes to get the insurance is the only person they deal with or know in the transaction. The rule that he represents the company and not the insurer in taking the application is just and is generally recognized. 14 R. C. L., p. 1174.

The issues in the case were fairly and clearly submitted to the jury by the instructions of the court. While some complaint is made of the rulings of the court in the admission of evidence, none of these matters affected the substantial rights of appellant. After all the insurance is paid Ledford will be the loser of about $14,000.00 on his house. In this case the defense is, in view of all the facts, technical rather than meritorious. But where one of two parties must suffer a loss by reason of the acts of an agent, the loss should fall on him who sends him out and authorizes him to act rather than on the innocent third person, unless his act is beyond the scope of his apparent authority. The power to take and return applications for insurance is apparent authority to represent the company in getting the application and informing the insured as to the insurance, and his rights under it, which are matters not understood by the common run of people; and the company in accepting the application takes the benefit with the burden; for it chooses its own agents and may so protect itself, but the public has no means of protecting itself from the misrepresentations of the agent. Insurance has become a *quasi* public business; and any other rule would hold out to insurers the inducement to send out solicitors to get business in any way they could without liability on the part of the company if a loss occurred; and the insured would be re-

quired before insuring to inform himself as to a business that the average person knows nothing about. Uncertainty would cripple the business and destroy the purpose of its existence.

Judgment affirmed.