### UNITED STATES v. ONE 1935 CHEVROLET SEDAN AUTOMOBILE, MOTOR NO. 5317204.

#### No. 41.

District Court, W. D. Kentucky, at Paducah.

March 29, 1941.

878

J. D. Inman, Asst. U. S. Atty., of Louisville, Ky., for libelant.

Roy M. Shelbourne and Wheeler & Shelbourne, all of Paducah, Ky., for intervening petitioner.

MILLER, District Judge.

The United States brought this libel against a 1935 Chevrolet automobile stating that on October 24, 1939, it was seized by state officers while being used by James L. Ferguson in the transportation of nontax paid whiskey. Gugenheim, Inc., filed its intervening petition setting up an interest in the car and asking that the forfeiture sought by the Government be remitted. Section 40a, Title 27 U.S.C.A.

### Findings of Facts.

Ferguson purchased the car from the Runyon Chevrolet Company of Marion, Crittenden County, Kentucky, on September 14, 1939, for $400, of which $150 was paid in cash and the remainder evidenced by Ferguson's promissory lien note payable in monthly installments. On the same day the Runyon Chevrolet Company for a valuable consideration transferred the note to the intervening petitioner herein, Gugenheim, Incorporated. Ferguson made one payment of $21.47 on the note before the automobile was seized. Ferguson was a resident of Lyon County, Kentucky, and the purchase contract out of which intervening petitioner's lien interest arose was recorded in the office of the County Clerk of Lyon County.

Some eight or ten years previous the Grand Jury of Crittenden County, Kentucky, returned two indictments against Ferguson for illegal traffic in liquor, but said indictments were filed away without Ferguson ever being arrested or tried. Ferguson's reputation for violating the liquor law was bad in Crittenden County and in Livingston County. On the other hand, he had no such reputation or record in Lyon County, the county of his resi-

dence, and his general reputation in that county was good. Before purchasing the lien note the intervening petitioner made inquiry at the sheriff's office in Eddyville, the county seat of Lyon County, concerning the record and reputation of Ferguson and was advised by a person in the sheriff's office that Ferguson had no record or reputation for violating the laws relating to liquor. However, this information was given to the intervening petitioner by a brother of the sheriff who was not a deputy sheriff, but who happened to be keeping office for the sheriff at the time while the sheriff was out. Under these conditions the intervening petitioner contends that it has complied with the requirements of Section 40a, Title 27 U.S.C.A., which gives the District Court the exclusive jurisdiction to remit or mitigate the forfeiture.

### Conclusions of Law.

Section 40a(b), Title 27, U.S.C.A., provides in substance that the court shall not allow the claim for remission or forfeiture until the claimant proves (1) that he had an interest in the automobile which he acquired in good faith; (2) that he had at no time any knowledge or reason to believe that it would be used in the violation of Federal or State laws relating to liquor, and (3) if the owner of the car has a record or reputation for violating the Federal or State laws pertaining to liquor the claimant, before he acquired his interest was informed in answer to his inquiry at the headquarters of the sheriff, chief of police, or federal law enforcement officer of the locality in which the owner then resided that such owner had no such record or reputation. The Government's chief contention is that the last requirement of the three listed above was not complied with, in that the intervening petitioner had a record and reputation for violating the State laws pertaining to liquor in Crittenden County, Kentucky, that no inquiry was made of any of the officers enumerated in the statute either in Crittenden County where the car was purchased, or in Lyon County where Ferguson lived. Counsel for the Government rely upon the decision in United States v. One Hudson Coupe, 1938 Model, 4 Cir., 110 F.2d 300, in which the court held that if the lienor fails to make the inquiry provided by the statute in the county of the owner's residence, and it develops later that the owner had no record or reputa-

tion in that county, but did have a record in a county in the same State adjacent to the county of his residence, where no inquiry was made, he is not entitled to a remission of the forfeiture. The court called attention to the fact that the term "record" as used in Section 40a(b) was not restricted to a record in the county where the owner lived, but included at least a record in an adjacent county in the same State, leaving open, however, to what geographical extent this rule should be extended. The rule announced in that case, even if followed, would be applicable in the present case only if we held that the intervening petitioner did not make the necessary inquiry at the office of the proper law enforcement officer as specified in the statute. The statute does not require that the lienor make inquiry at all of the offices of the law enforcement agencies enumerated, but due to the use of the disjunctive "or" in the statute it is sufficient if such inquiry is made at the office of any one of them. United States v. One 1936 Ford V–8, Coach, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249; United States v. One 1935 Dodge, 2 Cir., 88 F.2d 613. The statute also provides that such inquiry should be made at the offices of the designated law enforcement agency "of the locality in which such other person then resided." Accordingly, proper inquiry made in Lyon County, where Ferguson lived, would be sufficient in the present case and it would not be necessary to make the same inquiry in Crittenden County where the car was purchased. In the present case the inquiry was made "at the headquarters of the Sheriff" of Lyon County, as the statute literally provides, but it was not made of the sheriff or any authorized deputy. If the person making the inquiry has no reason to believe that the party in the office giving him the answer is not an authorized officer, and such person is apparently clothed with authority by reason of his presence in and control of the office, he should be entitled to rely upon the information given in response to the inquiry, in the same manner as one can hold a principal liable for the unauthorized acts of the agent provided the agent is acting in the apparent scope of his authority. Middleton v. Frances, 257 Ky. 42, 77 S.W.2d 425; Hurst Home Insurance Co. v. Ledford, 207 Ky. 212, 268 S.W. 1090. A member of the public, acting in good faith, should not be penalized or made to suffer by reason of some im-

880

proper act on the part of an officer in charge of a public office. The situation is similar to those cases in which the Court of Appeals of Kentucky has held that when the grantee in a deed lodges the deed for record with the clerk of the proper county the failure of the clerk or his deputy to record the deed, or to properly index the recording of the same, does not deprive the grantee of the rights which would flow from a proper and full recording of the instrument in question. Kentucky River Coal Corp. v. Sumner, 195 Ky. 119, 124, 241 S.W. 820. Accordingly, in the present case, I am inclined to hold that the inquiry required by the statute was properly made and that the intervenor is protected by the answer received to the effect that Ferguson had no record or reputation in Lyon County.

■ If we assume, however, that the proper inquiry was not made in Lyon County, the fact still remains that Ferguson had no record or reputation in that county, and if inquiry had been made of the proper officer the answer would have been the same. I have difficulty in agreeing with the decision in United States v. One Hudson Coupe, 1938 Model, supra, relied upon by the Government. A technical reading of the words of the statute no doubt justifies that decision. The rule therein announced when carried to its logical conclusion would mean that a finance company doing business in Maine would be affected by an unknown record in California even though of ancient vintage. I find no authority in the act for extending its application to an adjoining county, as was done in that case, and not to an adjoining or distant state. Either we are confined to the county of the residence of the owner, or we are unlimited geographically. It is not for the court to say how far we go and where we stop after we once extend our inquiry beyond the boundaries of the particular county in question. If the owner has no record or reputation in the county of his residence, the lienor should be protected, if he has no knowledge or information about any record elsewhere even though he makes no inquiry in that particular county. Obviously, such an inquiry would be useless. To deprive a property owner of his property because he fails to do a useless thing is to put a construction on the act, which, in my opinion, was never intended by Congress. As was said in United States v. One 1936 Ford V-8, Coach, supra, 307 U.S. 219, 237, 59 S.Ct. 861, 870, 83 L.Ed. 1249: "Subsection (b) (3) was intended to prevent remission to a claimant who had failed to inquire when he should have done so, to one chargeable with willful negligence or purpose of fraud." That opinion also stated, "these facts indicate that Congress intended a reasonable inquiry concerning the bootleg risk should be made in connection with the investigation of financial responsibility. They negative the notion that wholly innocent claimant at his peril must show inquiry concerning something unknown and of which he had no suspicion. Dealers do not investigate what they have no cause to suspect. The forfeiture acts are exceedingly drastic. They were intended for protection of the revenues, not to punish without fault. It would require unclouded language to compel the conclusion that Congress abandoned the equitable policy, observed for a very long time, of relieving those who act in good faith and without negligence, and adopted an oppressive amendment not demanded by the tax officials or pointed out in the reports of its committees." In my opinion it would be contrary to the purpose of the statute to forfeit the interest of a lienor who acquired his interest in good faith and made reasonable inquiry concerning the bootleg risk, merely because he failed to make inquiry of a certain official and to receive a negative answer from that official, when if he had actually made such inquiry he would have received the negative answer. For this reason, also, I am of the opinion that the position of the intervening claimant is sound, and that the remission of forfeiture of its interest of the car in question should be ordered.